## MARTERIANO ARCIA v. THE STATE.

*No. 3224. Decided November 13.*

**1. Indictment—Pleading.**—It is a rule of criminal pleading that the time mentioned in the indictment as the date of the offense must be a time anterior to the filing of the indictment but not so remote that the prosecution of the offense is barred by limitation.

2. **Practice—Evidence.**—The rule is fundamental that the proof must correspond with the allegations. This rule, however, is not so inflexible that it requires the evidence to fix the time of an offense precisely as alleged. It is sufficient if it fixes the time within the period of limitation, and anterior to the presentment of the indictment. This indictment, which was filed June 11, 1888, charged that the offense was committed June 8, 1888. But the proof tends to fix the date of the offense in June, 1889. *Held,* not to support the allegation of time.

3. **Same—Practice in the Court of Appeals.**—The appellate court in determining the proof in a given case must regard as conclusive the recitals of the statement of facts on that particular appeal, unless the same be confuted by the recitals of a sufficient and properly authenticated bill of exception, in which event the bill of exception will control. The record on a former appeal of the same case can not be consulted to explain, modify, or supply evidence on the pending appeal.

4. **Same—Receiving Stolen Property, etc.**—Charge of the Court authorized the jury to convict if they found from the evidence that the acts charged against the accused were committed by him in June, 1889—a propostion supported by the proof in the case, but not by the allegations of the indictment. *Held,* error; and further, that the said erroneous charge not being withdrawn, the submission of a special charge, requiring the proof to conform to the indictment, could not operate to cure the error in the main charge. Note the distinction between this and McCoy's case, 7 Texas Court of Appeals, 379,

5. **Same—Ownership.**—The indictment alleged the ownership of the stolen property in the agent of the express company. *Held,* correct, in view of the proof showing that the said agent had the exclusive care, control, and management of the same.

6. **Practice—Former Jeopardy.**—The previous trial of the accused resulted in a disagreement of the jury. The defendant in person expressly agreed to the discharge of the jury upon condition, which was complied with, that the case should stand continued until the next term of the court. On this trial the accused pleaded his said former trial as jeopardy. *Held,* that the plea was without merit, there being no rule of law prohibiting the discharge of a jury by the personal consent of the accused.

APPEAL from the District Court of Webb. Tried below before Hon. J. C. Russell.

The conviction in this case was for receiving and concealing stolen property, knowing it to be stolen. The penalty assessed against the appellant was a term of four years in the penitentiary.

The opinion sufficiently discloses the case.

*Bethel Coopwood,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—Appellant was convicted for receiving and concealing stolen property, knowing the same to have been stolen.

The indictment charged that the offense was committed on or about June 8, 1888. This indictment was presented in court and filed on June 11, 1888. It is fundamental that the proof must correspond with the allegations. With regard to the allegation in an indictment of the time of the commission of the crime, the rule is also well settled by our statute that "the time mentioned must be some date anterior to the presentment

of the indictment, and not so remote that the prosecution of the offense is barred by limitation." Code Crim. Proc., art. 420, subdiv. 6. But whilst the time alleged must be anterior to the presentment of the indictment, it is not material that the exact date stated in the indictment be proved as laid. The proof may extend back to any date not barred by limitation on the one hand, and on the other may establish any subsequent date to that alleged, provided it be a date anterior to the date of the presentment or finding of the indictment. O'Connell v. The State, 18 Texas, 366; Temple v. The State, 15 Texas Ct. App., 304; Lucas v. The State, 27 Texas Ct. App., 322; Cudd v. The State, *ante*, 124; Willson's Crim. Stats., sec. 1049.

If, however, the proofs show that the date of the commission of the offense was not anterior, but subsequent to the date of the finding and presentment of the indictment, then indeed it is manifest beyond question that the variance between the allegation and proof is fatal, because it is evident that the indictment could not possibly have embraced and comprehended an offense not yet committed, and a defendant could not legally be convicted of an offense not legally charged and embraced in the indictment.

In determining the question as to whether the evidence in a case appealed to this court is sufficient to support and sustain the allegations in an indictment, "we must be controlled as to the facts of a case by the statement of facts, and can not presume or infer that the evidence adduced on the trial was different from that embraced in the duly authenticated statement of facts, except where a bill of exceptions contradicts or adds to such statement, in which case the bill of exceptions will control. * * * This is the only safe rule. It would be a dangerous practice, and one which we think is not sanctioned by law, to indulge in presumptions and inferences in such cases. Such has not been the practice heretofore." Rainey v. The State, 20 Texas Ct. App., 473; Crist v. The State, 21 Texas Ct. App., 361; Martin v. The State, 24 Texas, 68.

Nor is this rule in any manner modified or changed by the fact that the case has been once before on appeal to this court. 26 Texas Ct. App., 193. We are not authorized to look to the record on a former appeal to correct errors or omissions in a statement of facts on the present appeal. As presented on the second appeal, as to the facts in evidence, the case must stand upon its own merits. We could as well, in support of the verdict and judgment, supply the testimony of a most important witness who testified on the previous trial but whose testimony was not heard and passed upon by the jury who found the second verdict. The conviction must be sustained, or it must fall, on the record made up upon the trial from which the appeal is taken without reference to extraneous facts.

Now, in the case as we have it before us on this appeal, the indictment

alleges that the crime was committed on the 8th day of June, 1888. The indictment was filed on the 11th day of June, 1888, three days thereafter. The trial from which this appeal is prosecuted was had on the 23d day of July, 1889, one year and twenty-two days after the finding of the indictment. The witness Hatley (or Hartley) testified that a sack of money was taken from his possession on the 9th of June, 1888, and that he got it all back but $44, from Mr. Sanchez, the sheriff, on the following day, but he does not know from whom it was recovered.

Cecilia Salazar testified: "I recollect the robbery of the express, but don't remember the date;" and after detailing facts with regard to the acts and doings of defendant and one Renteria with regard to money which they took out of a sack or white bag, she says: "This occurred at my house I think in June last year." Another witness, Mendiola, says: "I was in Laredo on the 10th of June, 1888, tending court. I saw the money sack as they were bringing it to the court house."

This is the sum total of the testimony directly going to establish the fact that the crime was committed in June, 1888, as alleged in the indictment. On the other hand Deputy Sheriff Yglesias speaks of the transaction as having occurred on the "9th of June last," and the date at which he was testifying being July, 1889, would make "June last" refer to June, 1889. Sanchez, the sheriff, also testifies that he was sheriff "on the 8th of June last," and he testifies to the circumstances connected with the robbery and defendant's arrest in connection therewith, fixing no date other than that stated. Garcia, the city marshal, testified that he was marshal "last June," and testified as to the assistance rendered by him in ferreting out the perpetrators of the robbery and arresting defendant. Manifestly there is a conflict in the evidence as to the date of the commission of the offense.

But this is not all. In his charge to the jury the learned trial judge, in the fourth paragraph, to which defendant saved a bill of exception, applying the law directly to the facts of the case, says: "Therefore the jury are instructed that if they shall believe from the evidence beyond a reasonable doubt that defendant, in Webb County, Texas, on or about *June 9, 1889*, did receive and conceal the property described in the indictment," etc., they will find him guilty, etc. Thus authorizing the jury to find defendant guilty of a crime which might have been committed eleven months after the indictment was found; and which, according to some of the testimony, must have been committed, if at all, at that time.

Instructions are erroneous which warrant the jury to convict on proof of acts not alleged in the indictment. The fact that there is evidence tending to prove such extraneous acts aggravates the error of such instructions. Powell v. The State, 12 Texas Ct. App., 238; Randle v. The State, Id., 250; Mitten v. The State, 24 Texas, Ct. App., 346; Tooney

v. The State, 5 Texas Ct. App., 163; Willson's Crim. Stats., secs. 2335,. 2336.

But the Assistant Attorney-General contends that the patent error in. the charge of the court was corrected by a special requested instruction. which the court gave at the instance of defendant in the following words, viz.: "Before you can convict the defendant it must appear from the· evidence beyond a reasonable doubt, that defendant, in Webb County, Texas, on or about the 9th day of June, 1888, did receive and conceal the money described in the indictment," etc.; otherwise, to acquit de-- fendant. As before stated the charge in the fourth paragraph was spe-- cially excepted to by defendant. Defendant's special instruction which the court gave was in direct conflict with, and was repugnant to the said fourth paragraph on one of the vital issues of the case as made by the· evidence. There being a direct conflict between the main charge and the special instruction, the special instruction, in the nature of things, could not cure the error in the said fourth paragraph as long as the same· was permitted to remain a part of the main charge. Either that portion of the main charge should have been withdrawn, or the special instruc-tion been refused, because the two were irreconcilable. S. A. & A. P. Ry. Co. v. Robinson, 73 Texas, 277; 26 Ala., 103.

There is a marked difference between the case at bar and the case of McCoy v. The State, 7 Texas Ct. App., 379, in which case a similar error· was committed in the introductory clause of the charge without any evi-dence as to such wrong date, and the error was also thoroughly cured in. subsequent paragraphs of the main charge. Here the error is in the: principal paragraph of the main charge, and the error is most strongly- supported by the testimony. Under such state of case it is palpable that the error was not, and could not be cured by the special instruction. Morgan v. The State, 16 Texas Ct. App., 593.

As the case must be reversed for this error, we are saved a discussion of many interesting questions presented in the assignment of errors and able brief of counsel for appellant. In view of another trial, in so far as the. ownership of the money was laid in the agent of the express company, we deem it only necessary to say that it was correctly laid in said agent, he having at the time "the actual care, control, and management" of the same; and such possession under our law constitutes all the necessary· elements of ownership in cases of this character. Penal Code, arts. 724, 729; Tinney v. The State, 24 Texas Ct. App., 112, and authorities cited.

As to defendant's plea of former jeopardy, the same is clearly not main-- tainable. It is shown by the statement of facts that at the previous trial the defendant in person expressly agreed with the district attorney that the jury might be discharged on condition, which was complied with, that the case should be continued to the next term of court. There is.

no rule prohibiting the discharge of a jury where the defendant in person agrees that it may be done.　Willson's Crim. Stats., secs. 2387, 2389.

Beeause of error in the charge of the court, and because there is too great uncertainty as to whether there is any evidence to support the date of the crime, as alleged in the indictment, the judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.