HERMAN GOFORTH v. THE STATE.

No. 8540.   Delivered January 21, 1925.

Rehearing denied February 25, 1925.

**1.—Manufacturing Intoxicating Liquors—Liquor Laws—Held Constitutional.**

Where a motion was made by appellant to quash the indictment, on the ground that the state law is in conflict with the Federal Constitution, and acts of Congress, it was properly overruled. The same question has been decided some thirty or more times by this court, following the Gilmore case, and by the Supreme Court of the United States in Chandler v. The State of Texas, reported in 67 Law Ed. 475, and other cases cited.

**2.—Same—Severance—Court to Elect.**

Where two or more codefendants each file motions for severance asking that the other be tried first the court will direct the order of their trial. See Art. 727, C. C. P.

**3.—Same—Continuance—for Character Witnesses.**

Where a continuance is asked on account of the absence of several character witnesses, and upon the trial many witnesses did testify as to the good character of defendant, which issue was not controverted, a new trial was properly refused.

**4.—Same—Continuance—Proper Diligence—Not Shown.**

When an application for a continuance is presented, and it is shown that several witnesses present testified to the same facts, expected to be proven by the absent witness, and the record does not show a subpoena attached, issued for such witness, and no effort made to secure the attendance of said witness, when his absence was discovered on the calling of the witnesses, no error is shown, and the motion for a new trial was properly refused.

**5.—Same—Evidence—of two Transactions—Admissible.**

Where the indictment alleged the offense to have occurred on or about the 30th of July, evidence of the officers as to what occurred after midnight on the night of July 30, was clearly admissible. Even if it could have been divided into two transactions or acts of manufacture, proof of either or both was admissible under the allegations in the indictment. Appellant could have asked for an election by the State, but this was not done. We see no error in the admission of the testimony.

**6.—Same—Charge of Court—Defensive Issue—Properly Submitted.**

When the defensive theory, presented by the evidence for appellant, has been submitted as an issue in an affirmative charge, correctly presenting such

defense, and by the jury decided against him, appellant has no just cause of complaint.

### 7.—Same—Special Charges—Properly Refused.

Where numerous special charges are requested, some of them relating to the testimony given by the officers, as to the transaction on the morning of the 31st of July, seeking to have that testimony withdrawn. Others upon the weight of the testimony, singling out various matters, and to have the jury instructed that they could not be considered as evidence of guilt against appellant [See Weaver v. State, 266 S. W. 409 and authorities therein cited.] the court properly refused to give any of such charges.

ON REHEARING.

### 8.—Same—Violating the Rule—No Error Presented.

Where appellant complains at the court for permitting the State's witnesses, who were officers, to remain in the court room during the trial, such complaint will not be considered where it is presented for the first time in a motion for a new trial. A bill of exception complaining of such action should have been preserved and brought forward in such a way as to claim attention. Such matters cannot be complained of in motion for new trial, in lieu of a bill of exception.

Appeal from the District Court of Parker County.   Tried below before the Hon. F. O. McKinsey, Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, one year in the penitentiary.

*Oscar H. Calvert, Carter & Queen,* of Dallas, and Weatherford, and *McCall & Hawkins,* of Weatherford, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, Judge.—The conviction is for manufacturing intoxicating liquor, punishment being one year in the penitentiary.

There is no merit in the contention that the indictment should have been quashed because the State law is in conflict with the Federal Constitution and Acts of Congress. Ex parte Gilmore, 88 Texas Crim. Rep., 529, 228 S. W. Rep., 199. The same question has been decided some thirty or more times by this court following Gilmore's case, and by the Supreme Court of the United States in Chandler v. State of Texas, reported in 67 Law. Ed., 475; also in Vigliotti v. Pennsylvania, 258 U. S. 403, 66 Law. Ed. 686; United States v. Lanza, 260 U. S. 377, 67 Law. Ed., 314. It would seem that this ought to be settled, but the point continues to be raised.

"Appellant and one Frank January were separately indicted for joint participation in the same offense. Each filed motions for severance, asking that the other be tried first. The court ordered that appellant be first tried. This was in accord with Article 727, C. C. P., giving the court authority under such circumstances, to direct the order in which they should be tried.

Continuance was sought by accused on account of the absence of some thirteen witnesses. All but four of them were character witnesses for appellant. Many witnesses did testify as to the good character of defendant, which issue was not controverted. The four fact witnesses for whom continuance was requested were Gault, Probes, Robason and McNalley. The first three named appeared in court and were sworn as witnesses. Robason was used by appellant; Gault and Probes were available, but were not called. Another witness (Childress) testified to the same facts which it was proposed to prove by McNalley. In view of the entire evidence which the court had before him in passing upon the motion for new trial we think no error was committed in denying the continuance. The diligence as to McNalley is doubtful. The application states that he was served with process, and that the subpœnas were attached, but none appear in the record. It is not known that any further effort was made to secure McNalley's presence when he was found to be absent when the witnesses were called.

The indictment avers that appellant manufactured intoxicating liquor on or about the 30th day of July, 1923. Sheriff Gilbert testified that about the 22d or 23d of July he was passing near the premises of appellant's father and detected a smell which caused him to make an investigation; that in a branch or draw some distance from the road he found nine barrels containing meal and chops, yeast and sugar, and water. He also found empty barrels, some in the branch and some out on the ground. This locality was watched by the officers from that time until the evening of the 30th of July. Gilbert went to the premises between five and six o'clock on that date and saw a still being operated by appellant and Frank January. One of them was pouring mash into the still and the other taking the whisky as it run out, and pouring it in a barrel. The sheriff made no arrest at this time, but went back to Weatherford. He secured other officers and returned to the locality of the still about dark. The sheriff approached close enough to the still at that time to see that it was yet in operation. He saw two persons there, but could not positively identify them at this time, it being dark. The sheriff went back to get the other officers and when all of them approached the still the parties who had been operating it were gone. The officers remained on watch. About daylight appellant and January were seen coming from towards appellant's house in the direction of the still. As they got near the still one of them said: "We got to hurry and get through this morning if we get on the job;" to which the other replied, "Yes, we can get done." When they got to the still appellant got a bucket of water and went to a barrel. About this time the officers made the arrest.

Appellant seems to seriously contend that because the indictment alleged the manufacture to have occurred on or about the 30th of July that the evidence of the officers as to what occurred after midnight on the night of July 30th was not admissible. The objection is entirely without merit. The manufacture of this particular whiskey seems to have been one operation. Even if it could have been divided into two transactions or acts of manufacture the proof of either or both of them was admissible under the allegations in the indictment, the same not having been returned into court until the 5th day of August, 1923. If appellant felt that the conviction might be upon two transactions be could have asked for an election at the hands of the State, but this was not done. No possible injury occurred to appellant under any phase of the matter. His punishment was fixed only at one year, that being the minimum.

It is the contention of appellant that he was not present and participating in the operation of the still upon the evening of July 30th at the time the sheriff claims to have identified him as being so engaged, nor was he present on the night of that day. He accounts for his presence on the morning of the 31st at the still by stating that he was looking for some calves at the time, and had nothing to do with its operation. Upon these issues the court gave the following charge:

"If you believe and find from the evidence that whiskey was made at the place and on the occasion in question, yet if you further believe that the defendant was at another and a different place and was not present when the same was made, or if you have a reasonable doubt as to whether the defendant was present or not, you will give him the benefit of such doubt and acquit him.

"If you believe from the evidence that the defendant was at or near the still testified about, at the time of his arrest, and that whiskey was running from the still at that time, if it was, yet, if you further believe that the defendant was not interested in the manufacture of said whiskey, and did not manufacture same, nor participate in the manufacture of same, nor act in any way as a principal in the manufacture of whiskey at that place and on or about the date alleged, or if you have a reasonable doubt as to these matters you will acquit the defendant and say by your verdict 'Not guilty.' "

Appellant asked ten special charges, none of which we think it necessary to set out at length. Some of them relate to the testimony given by the officers as to the transaction on the morning of the 31st of July, seeking to have that testimony withdrawn from the consideration of the jury. Others were upon the weight of the testimony and singled out various matters and sought to have the jury told that they could not be considered as evidence of guilt against appellant. (See Weaver v. State, 266 S. W. Rep., 409,

and authorities therein cited.)    We think the court not in error in declining to give any of such charges.    Appellant's defense was clearly submitted in the main charge.    His rights appear to have been protected by the court in submitting to the jury the issues raised by the defensive testimony.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant seeks to    have us review the opinion heretofore rendered    on what he calls his "sixth assignment of error."

The sixth paragraph of his brief makes complaint at the court permitting the state's witnesses who were officers to remain in the court room during the trial.    We find this matter mentioned for the first time in the motion for new trial.    There is no bill of exception complaining of any such action on the part of the court. It is not brought before us in such a way as to claim attention. Such matters can not be complained of in motion for new trial in lieu of a bill of exception.

The motion for rehearing is overruled.

*Overruled.*