R. B. BROWN V. THE STATE.

No. 9066.    Delivered May 13, 1925.

Rehearing Denied October 28, 1925.

1.—Transporting Whisky—Statement of Facts—Question and Answer Form—
Not Considered.

Where on a trial for transporting whisky, the record discloses that the statement of facts is principally in question and answer form, same cannot be considered by us. Art. 846, Vernon's C. C. P. Only such matters, in the instant case, which do not involve questions of evidence in the case, will be considered.

2.—Same—''Dean Law''—Constitutionality—Definitely and Finally Determined.

Where in this late day, appellants present in this Court the unconstitutionality of the Dean Law, and the Volstead Act, we do not deem it necessary to go into any lengthy discussion of the question. Suffice it to say that the decisions of this Court, as well as the Supreme Court of the United States, are so numerous, as to be entirely convincing that such laws are valid, and that there is not the remotest possibility that those decisions will be overruled. Following Ex Parte Gilmore, 88 Tex. Crim. Rep., and cases too numerous to be cited.

3.—Same—Indictment—Allegation in—Held Sufficient.

Where an indictment charges the transportation of "whisky" instead of following the statute and charging "liquor capable of producing intoxication," it is sufficient, as this Court has repeatedly declared that whisky is judicially recognized as being intoxicating, and to charge the transportation of "whisky" meets the requirements of the statute.

ON REHEARING.

4.—Same—Evidence—Facts Held Sufficient.

On motion for rehearing, appellant urges that we were in error in our original opinion in holding that his statement of facts was in question and answer form, and it appearing that the major part of same is in narrative form, it is now considered, and upon examination is found to fully sustain the verdict of guilty and no errors of a reversible character being discovered, the motion for a rehearing is overruled.

Appeal from the District Court of Jefferson County. Tried below before the Hon. Geo. C. O'Brien.

Appeal from a conviction for transporting whiskey; penalty, three years in the penitentiary.

The opinion states the case.

*A. L. Shaw*, for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was charged by indictment in several counts, but the court in his charge limited the jury to the consideration of the third count, which charged him with unlawfully transporting "whiskey"; and the jury returned a verdict of guilty and assessed his punishment at three years confinement in the penitentiary.

The record discloses in this case that the statement of facts is principally in question and answer form, which we are prohibited from considering under Article 846, of Vernon's Stat. C. C. P., and are limited to considering only the questions raised relative to other matters which do not take into question the evidence in the case.

In the outset appellant complains of a conflict between what is known as the Dean Law and the Volstead Act, and the publication of said acts which we deem it unnecessary to go into any lengthy discussion of, as this court has repeatedly held against his contentions along this line. Ex parte Gilmore, 88 Tex. Crim. App. 529, 220 S. W. 199; Goforth v. State, 269 S. W. 98.

There is also complaint urged against said indictment because it does not allege that said whiskey was being transported for sale. This contention has been overruled by this court. McNeil v. State, 244 S. W. 536; Bather v. State, 260 S. W. 1067; Crowley v. State, 92 Tex. Crim. App. 103, 242 S. W. 472.

Appellant also complains of the indictment because it alleges whiskey instead of intoxicating liquor. In the case of Tucker v. State, 94 Tex. Crim. Rep. 505, this court held in effect that where the indictment charged that the defendant did unlawfully possess liquor capable of producing intoxication for the purpose of sale, the same was sufficient, as the term liquor in prohibition laws has often been necessity of the pleader in departing from the statutes, it was not reversible error.

It has often been held that this court will take judicial knowledge of the fact that whiskey is intoxicating and is intoxicating liquor. From the above, we are of the opinion that there is no reversible error in the matter complained of. We have disposed of all the matters in this case which do not involve a consideration of the statement of facts, and as above stated, on account of same being in question and answer form, we are prohibited from considering the other matters raised.

From the record as presented to us, we are of the opinion that there are no reversible errors shown and that the judgment of the lower court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists we are in error in not considering the statement of facts. It appears that the court reporter incorporated in it some questions and answers, but the most of it is in narrative form. For this reason we have concluded that perhaps the statement of facts should be considered. The testimony of the officers in substance is that they arrested appellant on the streets of Port Arthur and found in his possession two quarts of whiskey. He was in an automobile at the time and traveling away from the direction of his home. They immediately procured a search warrant, went to his house and in a room found twelve more quarts of whiskey. It was appellant's contention and he so testified on the trial that the whiskey at the house did not belong to him, but belonged to a party who had registered at his rooming house that morning. This evidence was controverted by the officers who stated that no one was registered in the room where the whiskey was found, but that it was vacant. Appellant claimed that he was transporting the liquor for medicinal purposes; that he had the "flu" a short time before his arrest and intended going hunting either in the afternoon of the day he was arrested, or the next day, and was taking the whiskey to use as medicine while on such hunting trip. His evidence was supported by that of his wife and to some extent by a physician.

The jury were properly instructed if they believed appellant was transporting the whiskey for medicinal purposes or entertained a reasonable doubt thereof, they should acquit. The case does not present a state of facts wherein we would be authorized to interfere with the verdict of the jury. They were not compelled to accept the testimony of appellant or his witnesses, but the facts were such as to render the truth of the defensive testimony a question solely for the jury's determination. Hawkins v. State, 270 S. W., 1025; Key v. State, 70 S. W., 1027; Horak v. State, 273 S. W. 601.

Appellants motion for rehearing is overruled.

*Overruled.*