## Frank Weaver v. The State.

No. 11543.  Delivered June 20, 1928.
Rehearing granted State October 18, 1928.
Rehearing denied Appellant December 12, 1928.

The opinion states the case.

*Dial & Brim* of Sulphur Springs, for appellant.

*Emmett Thornton,* County Attorney, *Ramey & Davidson* of Sulphur Springs, and *A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, ten years in the penitentiary.

The facts need not be set out at any great length. Appellant was an officer and had arrested the father of deceased, and was on his way to the calaboose with him at the time of the fatal difficulty. As is most frequently the case, the testimony as to the facts coincident with the homicide are in much conflict. Appellant insisted that he was assaulted by the father of deceased, and that at the time he fired the fatal shot deceased and his father were both advancing in a threatening manner upon appellant. The State took issue in its testimony with these positions.

Appellant attacks the constitutionality of the present murder statute, urging that in its adoption, the directions and commands of Sections 35 and 36 of Art. 3 of our Constitution, were not observed. Our Constitution inhibits the amendment of any law, by reference to its title, but requires that the amending act publish at length the law as it would be upon such amendment. Reference to Chap. 274, Acts Regular Session of 40th Legislature, which together with Chap. 8 of the Acts of the First Called Session of 40th Legislature, make up our present murder statute,—makes evident the fact that the articles of our statute referred to in said Chap. 274, were published at length, and also the further fact that Sec. 3a of said Chap. 274, which was amended by said Chap. 8, supra, was also published at length in the last mentioned amendatory act. We deem discussion unnecessary further than to call attention to the form and character of said acts.

Appellant excepted to the court's definition of malice aforethought, and offered a special charge setting forth what he deemed a correct definition of said term. We perceive no substantial difference between the definition given by the court, and that offered by appellant.

In his bill of exceptions No. 1 appellant complains that after a witness for the defense had sworn that he saw the killing, and testified to the facts of same in a manner favorable to the defendant, he was cross-examined by the State in an effort to show that the killing took place at a point where said witness, standing by his cash register, or on his knees on the rim of his cigar case, could not have seen same. It was further set out that on re-direct examination the defense sought to have this witness testify that after the killing he took the district attorney to his place of business and demonstrated to him that he, witness, "stood on the cigar case and could stand there and see the scene of the difficulty while on the edge or rim of the cigar case." If appellant had offered the testimony of the district attorney, or other witnesses who had made the experiment of placing themselves where the witness stood, or upon the rim of the cigar case, and were ready to swear that from such place the scene of the difficulty was visible, this might have been admissible, but no such testimony was offered. Certainly the witness who testified to seeing the difficulty, would not be allowed to further swear that he had taken others,—one or a thousand,—and had shown to them that he could see what he swore he had seen. This added no proof by others to that of the witness on this point, and would merely amount to an attempt on the part of said witness to support himself by proof of self-made and self-sworn corroboration.

As stated above, appellant testified that deceased and his father were advancing upon appellant in a threatening manner when he fired the fatal shot. Complaint is made of the fact that on cross-examination of appellant he was asked if he could not have had deceased to throw up his hands or halt. Appellant's objection to this seems to be that it made him testify to facts which he claimed to be not incumbent upon him, before he could exercise his right of self-defense. We do not think the bounds of legitimate cross-examination were exceeded. Appellant was an officer, and as such was armed. Whether he brought on the difficulty, or entered the conflict willingly, or made efforts to avoid or avert same, were matters for the consideration of the jury under proper instructions.

We find in the charge of the court nowhere any instruction upon appellant's right to defend against an attack on the part of the father

of deceased, or against a joint attack by deceased and his father. A number of special charges were presented and refused by the trial court, in which this right of appellant to defend against such joint attack was pertinently brought to the attention of the trial court. We need not set out the text of such special charges, but deem it sufficient to say that appellant unquestionably had the right to have such theory submitted to the jury. We are not able to bring ourselves to believe that the failure of the trial court to submit such defensive theory was not harmful to appellant, and that such failure did not deprive him of any substantial right. He would have the same right to defend against an unlawful attack on the part of the father of deceased, as he would against such attack on the part of deceased himself. If both of them were attacking him, and the jury had been properly told that he had a right to defend against the attack of both, a different result might have obtained.

Believing the learned trial judge in error in not submitting this issue to the jury, and that the special charges refused sufficiently called to his attention such error, and that for the refusal of such special charges the appellant was deprived of a substantial right, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—While it is true that nowhere in the general charge of the court was there any instruction on appellant's right to defend against an attack on the part of the father of deceased, or a joint attack by deceased and said father, and while it is also true that there were special charges refused presenting this issue (which fact seems to have misled us), still it is also true that special charges presenting the law applicable to the right of the appellant to defend against an attack by the father of deceased, or a joint attack from said father and deceased, were given by the court. The case was reversed for the failure to give to the jury the instruction just mentioned. It being evident that we were in error in reversing the case for failure to give such instruction, the motion of the State for rehearing must be granted. The judgment of reversal will be set aside, and the judgment is now affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant again presents the same points relied upon by him originally as calling for a reversal. All questions

considered in our original opinion are thought to have been correctly disposed of save the one upon which the state's motion for rehearing was granted. It is not thought necessary to write further regarding the points already decided adversely to appellant.

In paragraph seventeen of the main charge the court informed the jury that if it appeared to appellant as viewed from his standpoint from the acts of deceased that appellant was in danger of death or serious bodily injury, he would have the right to kill deceased. This charge was excepted to as not authorizing appellant to act on the hostile demonstration of either deceased or his father, or both. The charge was not corrected to meet the objection but the court gave the special charges referred to in our opinion on rehearing. It is now appellant's contention that in not changing his main charge to conform to the special charges given the trial court left the jury with conflicting and repugnant instructions on the point and that this brings into operation the principle announced in Barrett v. State, 55 Tex. Cr. R. 182, 115 S. W. 1187; White v. State, 68 S. W. 689, and Arcia v. State, 28 Tex. Cr. R. 198, 12 S. W. 599. We are not in accord with appellant in his view of the matter. Appellant had testified that he never at any time shot at the father of deceased but that his defensive acts were directed towards deceased on account of his actions. In paragraph seventeen of the main charge the court pertinently presented the issue made by appellant's evidence, but when the exception was directed at it for omitting appellant's right to act as against a joint attack of deceased and his father or hostile demonstration by either, the court recognizing that the issue had been raised by the evidence as a whole, supplemented his main charge by giving special charges six and seven in both of which the jury was told that appellant had the right to act against what appeared to appellant to be any act or conduct on the part of deceased, or his father, or either of them, which caused appellant to apprehend danger. We fail to discern any antagonism or conflict between the main charge and the special charges given at appellant's request. It is inconceivable to us that the jury could have been confused thereby.

The motion for rehearing is overruled.

*Overruled.*