## A. M. BILBY v. THE STATE.

No. 13727. Delivered January 7, 1931.
Reported in 34 S. W. (2d) 272.

The opinion states the case.

*V. L. Shurtleff* of Breckenridge, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for manufacturing intoxicating liquor, punishment being two years in the penitentiary.

Conviction was under the second count in the indictment which alleged that appellant manufactured "whisky." The point is made that under the statute it was necessary to allege that appellant manufactured "intoxicating liquor," which it is claimed was not met by averring the manufacture of whisky. The holding of this court has been against appellant's contention. Brown v. State, 101 Tex. Cr. R. 495. It is not necessary to cite the numerous cases in which it has been held that this court will take judicial knowledge that whisky is an intoxicating liquor. In view of such settled holding it would be illogical to say that an averment describing the liquor as whisky did not describe it also as intoxicating liquor.

The question presented by bill of exception number one is not briefed by counsel for appellant and the point is probably waived, but there being no direct waiver thereof we consider it. The bill

reflects that after the empanelment of the jury, the presentment of the indictment and appellant's plea, and during the testimony of the first witness for the state, one of the jurors disclosed that he had been upon the grand jury which had returned the bill of indictment against appellant, which fact seems not to have been theretofore known. We find this recital in the bill.

"* * * the court * * * asked counsel for the defendant if he requested the court to declare a mistrial and discharge the jury, to which counsel for the defendant stated that is correct; the court then asked the defendant 'You through your counsel are making that request and agree to it?' to which the defendant assented and stated, 'Yes, sir, that is correct.' * * *

After appellant personally confirmed such request the court discharged the first jury and directed the selection of another. The plea of former jeopardy was interposed based upon the transaction heretofore recited. It has been too many times held that appellant can not interpose a plea of former jeopardy by reason of a condition brought about by himself, such as the discharge of a former jury, to justify a discussion of the question; reference to the authorities upon the point is deemed sufficient. Arcia v. State, 28 Tex. Cr. App. 198, 12 S. W. 599; Carroll v. State, 98 S. W. 859; McCoy v. State, 106 Tex. Cr. R. 593, 294 S. W. 573; Abbott v. State, 94 Tex. Cr. R. 31, 250 S. W. 188.

Finding no error in the record the judgment is affirmed.

*Affirmed.*