EMMETT BRODUS v. THE STATE.

No. 15185.   Delivered May 4, 1932.
Rehearing Denied June 8, 1932.
Reported in 50 S. W. (2d) 289.

The opinion states the case.

*A. W. Oliver,* of Joaquin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The unlawful possession of intoxicating liquor for the purpose of sale is the offense; penalty assessed at confinement in the penitentiary for one year.

Possessed of a search warrant, two officers searched the house and premises of the appellant and found a keg containing about ten gallons of whisky. One of the officers said: "It was found just below his lot in an old hollow or branch like. * * * It was something like 100 yards from his house where I found the whisky. His lot was half way from his house to the whisky. * * * A clean trail was leading to the whisky. The whisky was not all I found. I found an empty ten-gallon keg and a full one. There were tracks in the trail, but I do not know when they were made; whether they were recent or not. They led to and from the house to the whisky. There was no one around there except the defendant and he was asleep in the house."

.  The officer said further that the trail led from the house to the whisky and stopped. It was just a trail to the whisky. It just went straight to the whisky. It was fairly plain and was in the enclosure with the house.

When informed of the finding of the whisky, the appellant made no statement to the officer.

The appellant testified that when informed by the officers that they had found whisky on his premises, he told one of them that it was not his whisky. He also stated that the place in the pasture where the whisky was found belonged to Mr. Sholar and was not under the control of the appellant; that he had a hog pen there because he had no other place to put his hog. He said that there was but one trail leading from his house to the pasture and that it was a near cut which the school children took; that it was used by them and no one else. He said the trail had been there for a long time. His hog pen and lot were in the same enclosure as that in which the whisky was situated and through which the trail ran; that it was in the same enclosure as the dwelling house occupied by the appellant.

There is a bill of exception complaining of the failure to give a charge requested by the appellant, but the bill is supported by no exception or objection to the charge because of the failure to give the instruction to the jury.

Other bills were reserved to the overruling of the motion for new trial.

The only real question before this court is whether the evidence is sufficient to support the verdict. The case was submitted to the jury under an appropriate charge on circumstantial evidence. It is claimed in the motion for new trial that the evidence was insufficient to support the verdict. Upon the record before this court, we do not feel justified in holding that in approving the verdict and in overruling the motion for new trial, the learned trial judge abused his discretion.

The judgment is affirmed.

*Affirmed.*

#### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—As requested in appellant's motion for rehearing, we have again examined the statement of facts. We cannot agree with counsel that the evidence is insufficient. In our original opinion we attributed to appellant the statement that a certain trail used by the school children "was used by them and *no one else.*" It should have read "was used by them and everybody else."

By motion in arrest of judgment appellant attacked the law under which the conviction was had as being unconstitutional for permitting a greater penalty than fixed in the Volstead Act (27 U. S. C. A.), for similar violations of that law. Ex parte Gilmore, 88 Texas Crim. Rep., 529, 228 S. W., 199, this identical question was raised and decided adversely to appellant soon after the present prohibition law became effective. See, also, Goforth v. State, 99 Texas Crim. Rep., 211, 269

S. W., 98. The Supreme Court of the United States decided the same question against appellant in Chandler v. State of Texas, reported in 260 U. S., 708, 43 St. Ct., 247, 67 Law Ed., 474; Vigliotti v. Pennsylvania, 258 U. S., 403, 42 S. Ct., 330, 66 Law Ed., 686; United States v. Lanza, 260 U. S., 377, 43 St. Ct., 141, 67 Law Ed., 314.

The motion for rehearing is overruled.

*Overruled.*