## A. LAMANTIA V. THE STATE.

No. 19274.   Delivered February 2, 1938.

The opinion states the case.

574

*Kahn & Branch,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of operating an open saloon, and his punishment was assessed at confinement in the county jail for a period of ninety days.

His only contention is that the complaint and information does not charge an offense under Art. 666-3, P. C.

The information, which followed the wording of the complaint in the second count thereof, omitting the formal parts, charged:

"Heretofore, on the 7th day of April, A. D. 1937, the said A. Lamantia, George Archer and Leon Allen did then and there operate and assist in operating an open saloon, and was then and there directly interested and indirectly interested in the operation of an open saloon, on the premises of A. Lamantia, said premises being then and there a place where intoxicants manufactured in whole and in part, by means of the process of distillation, and liquor composed and compounded in part of distilled spirits, was sold and offered for sale for human consumption on said premises."

The third count, in addition to the foregoing allegation, charged:

"* * * of distilled spirits, was sold and offered for sale for beverage purposes by the drink, for human consumption on said premises."

The allegations in the complaint follow, substantially, the language of the statute.

Appellant appeared for trial, waived a jury and entered a plea of guilty. After the court had found him guilty and assessed the punishment as above set out, he filed a motion in arrest of judgment, on the ground that the complaint and information charged no offense, in this: That it failed to charge that said liquor was an alcoholic beverage or that it contained alcohol in excess of four per cent by weight.

Article 666-3a, P. C., provides: " 'Liquor' shall mean any alcoholic beverage containing alcohol in excess of four (4) per centum by weight, unless otherwise indicated."

The information not only charged him with selling intoxicants manufactured by the process of distillation to be consumed on the premises where sold, but also with selling by the drink to be consumed on the premises where sold, liquor composed and compounded in part of distilled spirits. Since the word 'liquor' is defined by the article above mentioned, we think

that it carried with it into the information, the definition given it by the Legislature as contained by said statute; consequently, the information is deemed sufficient.

Moreover, the words "distilled spirits" includes alcohol, brandy, whisky, gin, rum, etc. This court has, in a number of cases, held that it will take judicial knowledge of the fact that whisky is an intoxicating beverage. See Bilby v. State, 34 S. W. (2d) 272; Brown v. State, 101 Texas Crim. Rep., 495.

Being of the opinion that the information charged an offense under the law, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.