## Sam Zysman v. The State.

### No. 2226. Decided January 23, 1901.

**1. Impeachment of Witness—Proof of Reputation for Truth and Veracity.**

Where the prosecuting witness was asked, on cross-examination, if he had not previously taken money from defendant, and, upon being charged by defendant therewith, had returned the same, which witness admitted to be so, and stated his reasons for so doing; Held, this was not an assault upon the witness' reputation for truth and veracity, and it was error to permit the State to support the witness by proof of his general reputation for truth and veracity.

**2. Same—Conflict of Testimony.**

A mere contradiction and conflict between witnesses will not admit of general evidence of the character for truth and veracity of the witnesses or either of them.

**3. Same—Remarks by Judge as to Evidence—Reversible Error.**

Where on cross-examination of the main prosecuting witness, defendant endeavored to prove that said witness had employed attorneys to prosecute this case against defendant, whereupon the trial judge remarked, in the presence of the jury, that it did not make any difference and was immaterial whether the witness employed one or a dozen counsel to prosecute said case; Held reversible error, since the witness was the main witness upon whom the prosecution relied; and, the proposed testimony being such as to show his animus and ill will towards defendant, was material as going to affect his credibility; and it was a violation of the statute (Code of Criminal Procedure, article 767) for the court to comment upon the weight of it.

**4. Theft and Embezzlement—Distinction.**

Where defendant was agent, employe or clerk of the prosecutor, having control at times of the prosecutor's pawnshop, and, during the owners temporary absence, took the property alleged to have been stolen without the consent of the owner, he was guilty of theft and not embezzlement.

Appeal from the County Court of Tarrant. Tried below before Hon. M. B. Harris, County Judge.

Appeal from a conviction of theft of property under the value of $50; penalty, a fine of $250, and sixty days imprisonment in the county jail.

The indictment charged appellant with the theft of nine rings of the value of $30, and one pistol of the value of $5, belonging to, and from the possession of, H. Brodky.

Brodky was a pawnbroker and defendant worked for him as his

clerk a month or so and then notified him that he was going to Dallas, where he had a job. On the night before defendant left for Dallas, Brodky went into defendant's room at his (Brodky's) house, and, while defendant was asleep, took from defendant's clothing over $200 and nine gold rings. Defendant missed these articles on his way over to Dallas. He returned to Fort Worth and charged Brodky with stealing the property. Brodky told him, in effect, that it would be all right; and, that night, when defendant was asleep, Brodky again went into his room and replaced the money and rings with defendant's clothing. Defendant returned to Dallas, and Brodky, missing a number of articles from his pawnshop, went over there and got from defendant the nine gold rings and the pistol alleged to have been stolen.

The State was permitted to prove Brodky's good reputation for truth and veracity.

The opinion sufficiently illustrates the other questions discussed.

No brief on file for appellant.

*D. E. Simmons,* Acting Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted for theft of certain personal property under the value of $50, and his punishment assessed at a fine of $250, and sixty days imprisonment in the county jail. In the view we take of this record, it is only necessary to consider two of appellant's bills of exception:

Bill number 6 complains that the court permitted various witnesses to testify to the general reputation for truth and veracity of the main prosecuting witness, H. Brodky. It appears in this bill that the evidence shows H. Brodky was not a stranger in Fort Worth, Tarrant County, and in the community in which he lived, but that he had lived in said community for five years, and was well known therein; that, said Brodky being an important witness for the State, such evidence was highly prejudicial to defendant. By the statement of facts it appears there was no effort on the part of the defense to prove the general reputation of Brodky for truth and veracity was bad, unless the following could be so considered: On the trial Brodky was asked on cross-examination by appellant if he (Brodky) did not take from possession of appellant, while appellant was in said Brodky's home, a certain amount of money, and that, when accused of so doing by appellant, Brodky admitted, in substance, he had so taken the same, making the additional statement that the money would appear back in the same place from which it was taken; that the following night the money was placed back on the chair where appellant's clothes were hanging. Brodky admitted making this statement, giving what he claims to be his reasons for so doing. This is all that appears in the record, so

far as we can ascertain, after a careful examination, that tends to intimate anything touching the truth and veracity of witness, or that questions his conduct in the premises, in the least. We do not think this testimony is an attack upon his truth and veracity, but it might show he was guilty of a theft himself; and, if it does so show, it is not an assault upon his truth and veracity. The testimony of the prosecuting witness is in direct conflict with that of appellant; but mere contradiction and conflict between witnesses will not admit of general evidence of the character for truth and veracity of the witnesses or either of them. Harris v. State (Texas Crim. App.), 45 S. W. Rep., 714; McGrath v. State, 35 Texas Crim. Rep., 413; Rushing v. State, 25 Texas Crim. App., 607; Jacobs v. State, ante, p. 353. This testimony was very injurious to the right of appellant, in view of the testimony in this case, since, upon the testimony of Brodky, prosecuting witness, the whole weight and burden of the prosecution rested; and, until appellant made some effort to destroy the truth and veracity of Brodky by testimony adduced upon the case, it was clearly reversible error for the State to be permitted to introduce witnesses to prove the truth and veracity of said Brodky in the neighborhood where he lived.

Bill number 7 complains that, while defendant was endeavoring to prove on the cross-examination of the witness H. Brodky that he had employed a number of private prosecutors (attorneys) to prosecute this case against defendant, the court said in the presence of the jury that it did not make any difference and was immaterial whether the witness Brodky employed one or a dozen counsel to prosecute said case. Article 767, Code of Criminal Procedure, provides that, "in ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case." In Kirk v. State, 35 Texas Criminal Reports, 224, we held that it is the object of the Code, in every provision relating to that subject, to prohibit the trial judge from expressing any opinion as to the weight of the testimony or the credibility of the witnesses in the presence and hearing of the jury, and, upon the question of the materiality of evidence offered by the prosecution, it is error for him to say that such evidence is highly material. Then certainly it would be error for the court to say that material evidence is highly immaterial. It is true, where the remark of the court is not calculated to operate prejudicially to the accused, that we will not reverse the judgment on account of such remark. McGee v. State, 37 Texas Crim. Rep., 668; Manning v. State, 37 Texas Crim. Rep., 180. But we do not think the remarks of the trial judge, as disclosed by the bill, were of a harmless character. As previously stated, H. Brodky was the main prosecuting witness; and then, clearly, if appellant could

establish the fact that he had employed "a number of private prosecutors (attorneys) to prosecute this case against defendant," it would be a potent circumstance to indicate the malice, animus, and feeling of the witness H. Brodky against appellant; and if it established that degree of animus, ill will, or interest, such as, in the judgment and estimation of the jury, destroyed the credibility of said witness, then it would become very material as a circumstance going to show his innocence. We therefore think the court should not have indulged in this language, and believe same is reversible error.

Appellant insists that the prosecution, if authorized at all by the evidence, would only be for embezzlement. We do not agree with this. The evidence shows that appellant was the agent, employe, or clerk of the prosecutor, having control of his pawnshop part of the time during the absence of the prosecuting witness, but all the while under the direction and supervision of the prosecutor, and that if he took such property, as is alleged in the indictment, from said house, without the consent of the prosecutor, he would be guilty of theft, and not of embezzlement, and hence the indictment was properly drawn for theft.

We do not deem it necessary to consider appellant's other assignments, as none of them are well taken. However, we will say that, in those bills wherein appellant complains of the court permitting the declarations of appellant while under arrest to be admitted, it would be well to make the bill more explicit as to whether or not appellant was under arrest at the time the statements were made. For the errors discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*