### MACK HOLDBROOK V. THE STATE.

No. 11251.   Delivered January 11, 1928.

Rehearing denied February 22, 1928.

**1.—Sale of Intoxicating Liquor—General Reputation—When Admissible.**

Where, on a trial for the sale of intoxicating liquor, State's Attorney asked appellant on cross-examination if he had not stated to him that if he had ever sold intoxicating liquor to prosecuting witness he could not remember it, and no further effort was made to impeach appellant, the cross-examination would not authorize appellant to prove his general reputation for truth and veracity.

**2.—Same—Continued.**

Evidence that a witness enjoys the reputation for truthfulness is not receivable to strengthen his testimony merely because he has been contradicted by an adverse witness or because there is a conflict in the testimony. The rule will not authorize the introduction of testimony to sustain a witness because of a cross-examination.   See Warren v. State, 103 S. W. 888, and other cases cited.

**3.—Same—Argument of Counsel—Rule Stated.**

Where argument of counsel for the state is not of an inflammatory character, and when objected to the trial court instructed the jury, both orally and in writing, to disregard the objectionable statements, no reversible error is shown.   See Jackson v. State, 272 S. W. 139; Tweedle v. State, 16 S. W. 544, and Anderson v. State, 292 S. W. 219.

ON REHEARING.

**4.—Same—No Error Disclosed.**

On a careful examination of our original opinion we are unable to agree with appellant's contention on rehearing that under the cross-

examination of appellant as a witness, he should have been permitted to prove his general reputation for truth and veracity, or that his complaints of the argument of state's counsel are of that serious character that would require a reversal of his case.

Appeal from the District Court of Collin County. Tried below before the Hon. F. E. Wilcox, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Floyd Harry* of Farmersville, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MARTIN, JUDGE.—Offense the unlawful sale of intoxicating liquor, penalty one year in the penitentiary.

Many bills of exception are shown in the record, but they raise only two questions worthy of discussion.

The state's evidence shows that appellant sold to C. M. Woodard a half pint of whiskey in a domino hall in Farmersville. Appellant denied this on the trial and was asked by the County Attorney:

"Q. Didn't you tell me that if you have sold him any whiskey (meaning to C. M. Woodard) you couldn't remember it?

"A. I told you I didn't sell him any.

"Q. I just asked you if you denied making that statement to me; do you deny that you were in my office yesterday morning and made the statement to me, 'If I ever sold Mr. C. M. Woodard any whiskey, I don't remember it,' did you make that statement to me?

"A. Well, I am not going to say that I did or did not, but I tell you emphatically I did not.

"Q. If you had ever sold any whiskey to Mr. Woodard would you come here and admit it if you knew it would send you to the penitentiary?

"A. I believe I would.

"Q. Is that as far as you will go on that you believe you will?

"A. Well, I have never had any experience on that; I don't know hardly what a man will do, but I believe I would."

The examination stopped with this and no impeaching evidence was used by the state to contradict the above testimony

of appellant. The evidence shows that appellant had been a resident of Collin County almost all of his life and was not a stranger in the county, though a stranger to the jurors who tried his case.

The appellant contends that the court erred in refusing to permit him to prove by various witnesses that appellant's general reputation for truth and veracity in Collin County was good and that the above constituted such an attack upon the witness as authorized proof of his general reputation for truth and veracity. The cross-examination was not such as amounted to an attack upon his credibility as a witness or such as necessarily branded him as a falsifier.

The rule is stated by Mr. Underhill as follows:

"It is now hold almost universally that evidence to show that the reputation of the witness for veracity is good may be introduced whenever the evidence of the witness has been impeached in any way, whether by his contradictory declarations or by a direct attack upon his character. But evidence that a witness enjoys the reputation for truthfulness is not receivable to strengthen his testimony merely because he has been contradicted by an adverse witness or because there is a mere conflict in the testimony, or because he has been shaken or confused on cross-examination. But it has been held in Texas that a witness for the prosecution, who had been subjected to a most searching cross-examination having a strong tendency to discredit him before the jury, might have his credibility sustained by the introduction on the part of the state of proof that his reputation for truth and veracity was good, though his character had not been directly attacked and no contradiction had been shown." Underhill's Criminal Evidence, Paragraph 385.

Judge Davidson, in the case of Warren v. State, 103 S. W. 888, uses the following language:

"The rule will not authorize the introduction of testimony to sustain a witness because of a cross-examination. The exception to this rule, whereupon a rigid cross-examination, which is intended to attack the credibility of the witness and show that he is lying, is in regard to strangers when used as witnesses, as in Phillips v. State, 19 Tex. App. 158."

Similar holding was made by Presiding Judge Morrow in the Lewellen case, 236 S. W. 987.

In our opinion the court's ruling was correct under the circumstances above set out.

Various complaints and exceptions were made to the language used by the attorneys for the state in their arguments to the

jury. Without going into a tedious recital of all of these, the following will illustrate the general nature of appellant's contention: While the County Attorney was making his closing argument to the jury, he used the following language:

"The evidence shows that he (meaning C. M. Woodard), was subpoenaed before the grand jury and was forced to tell what he detailed here on the stand."

There is no evidence that Woodard was forced to testify.

Appellant's attorney objected to this argument, as well as various other arguments shown in his bills of exception, and the court in each instance instructed the jury verbally and in writing to not consider the same. The language of these arguments was not of that inflammatory character which a written instruction to disregard would not cure. Some latitude must be allowed for the zeal of counsel. Every case where improper argument is made does not merit reversal. If so, very few cases perhaps could be affirmed.

The following authorities will illustrate the rule in Texas: Jackson v. State, 272 S. W. 139; Tweedle v. State, 16 S. W. 544; Anderson v. State, 292 S. W. 219.

The evidence is sufficient to support the verdict of guilty. Appellant received the lowest penalty and we are not able to believe that any of the arguments referred to affected appellant injuriously.

Finding no errors which justify a reversal, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE. — Appellant files a motion showing extensive research and care in its preparation. He presents only two propositions, viz.: that the court should have let him prove his good reputation, and, second, that the argument used by the state's attorney was improper and prejudicial. A review of the authorities cited in the motion, together with a re-examination of the record, fails to convince us of the error of our former opinion. The matter relied upon as giving appellant the right to prove his reputation is set out fully in the original opinion. Without extended discussion, we are of opinion that if appellant while a witness had admitted, in answer to the County

Attorney's question, that he did tell the County Attorney that if he had sold any liquor to Woodard he could not remember it, this would not have afforded him any ground for attempting to prove his reputation. We are entirely unable to see how the fact that he would neither affirm nor deny having made the statement to the County Attorney, gives him any such right. In the able motion for rehearing appellant's counsel ingeniously argues matters imaginative into the jury's possible construction of the questions, which we do not think at all involved. The authorities cited in the motion present cases where the accused was a stranger and where the cross-examination was very much more rigid apparently than here. The accused could hardly be called a stranger. He had lived in Collin County two years next before the trial, and had been a long time resident of the county prior to that time. The bills of exception relating to the argument complained of are illustrated by the one set out in the original opinion. The prosecuting witness testified that he was before the grand jury, and that if he had not been before the grand jury he would not be here before the trial court. In his argument to the jury the state's counsel referred to said witness as having been forced to go before the grand jury to testify. The court each time this occurred instructed the jury not to consider it and told counsel for the state to omit reference to the use of any force. We are unable to perceive the harmful character of such argument, but the learned trial judge, out of caution, instructed the jury not to pay any attention to it. We are not led to believe that the matter comes within any of the authorities which hold that if the matter be of such prejudicial character as that an instruction not to consider same, could not remove from the minds of the jury the evil effect of the argument, the case should be reversed.

Being unable to agree with the contentions made by appellant, the motion for rehearing will be overruled.

*Overruled.*