FRED GRILLE v. THE STATE.

No. 12565.   Delivered May 22, 1929.

The opinion states the case.

*Tarlton & Love* of Corpus Christi, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for one year.

Operating under a search warrant officers discovered a quantity of intoxicating liquor and equipment for manufacturing same on appellant's premises. Appellant did not testify in his own behalf. He placed his wife on the witness stand who testified that appellant suffered from asthma and that he had been advised to take intoxicating liquor as a remedy. She further said that appellant had never sold intoxicating liquor but had used it solely for medicinal purposes.

Appellant's son, Buck Grille, had been convicted of the offense of possessing equipment for manufacturing intoxicating liquor. His conviction rested on substantially the same testimony as that introduced against appellant on this trial. He was present on his father's place at the time the raid was made and had been indicted for possessing the same equipment and liquors that were involved in the indictment against appellant. One of the counts in the indictment against appellant charged that he possessed equipment for the purpose of manufacturing intoxicating liquor. In short appellant was on trial for the same offense for which his son had been tried and convicted. At the time of appellant's trial the case against his son was pending on appeal in this court. Appellant timely and properly objected to the following argument of the district attorney:

"If they want to be fair, why didn't they put him on (referring to Buck Grille) and let him say 'I am the head of that house out there. My old daddy don't know anything about this at all, and if he did know it I in violation of his orders made it myself and owned the whole thing.' They couldn't do that at all. Buck Grille, gentlemen of the jury, was in a position to have enlightened you, and if he had occupied that witness stand, I could have cross-examined him as to minute matters pertaining to different things that would have shed light on the case. But what did they do?"

The court refused to sustain appellant's objection to the foregoing argument and refused to instruct the jury not to disregard the improper remarks. Reversible error is presented. Article 711, C. C. P. provides:

"Persons charged as principals, accomplices or accessories, either in the same or different indictments, cannot be introduced as witnesses for one another, but they may claim a severance; and, if any one or more be acquitted, or the prosecution against them be dismissed, they may testify in behalf of the others."

Appellant's son having been indicted for the same offense for which appellant was being tried was not available as a witness in favor of appellant. Clark v. State, 288 S. W. 1075. The fact that

he had been convicted and that his case was pending on appeal in this court would not have suspended the operation of Article 711, supra. Oliver v. State, 144 S. W. 604. The improper argument was calculated to lead the jury to believe that appellant had wilfully failed to call his son as a witness because of the fact that his evidence might be damaging to him. In Kelsey v. State, 4 S. W. (2d) 548, a similar argument was used by counsel for the state. In referring to the fact that the argument was improper, Presiding Judge Morrow said:

"It was in evidence at the time the appellant was tried that her husband had been tried and convicted, and the impropriety of the remarks cannot be doubted. The inference from the record is plain that he was convicted on practically the same testimony as that which bore on the appellant's case, and that he was therefore not available to the appellant as a witness."

See also Landers v. State, 63 S. W. 567.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.