SELESTINO RODRIGUEZ V. STATE

No. 29,132. June 26, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) October 16, 1957.

*Murray J. Howze*, Monahans, for appellant.

*Leonard Howell*, County Attorney, Midland, and *Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is aggravated assault; the punishment 9 months in jail and a fine of $750.

Appellant, aged 66 years, came to the home of Ramon Gavia on a Sunday afternoon to see Gavia.

Gavia was not at home and appellant was invited by Gavia's daughter, Cathalina, to wait for her father.

Cathalina Gavia testified that she left the room for a few minutes and upon her return appellant and her seven-year-old foster daughter were on the couch and appellant was holding one hand on the child's mouth and was taking her pants off, and she ran and got the child and called some friends who notified the officers.

The child was found not to be competent to testify.

Appellant testified and denied any assault was made on the child. His version was that the little girl went to the bathroom and returned with her panties down, and he called her to him to assist her in pulling them up which he was doing when

Cathalina Gavia came into the room, ordered him to leave, and called the officers.

Appellant further testified that on the previous day he had seen Cathalina in a car on a country road and a man was "lying down on her legs;" that when he came to see Cathalina's father, he spoke to her about what he had seen and she denied it and got mad, and shortly thereafter charged him with assaulting the child.

Cathalina was then recalled and denied that she had been on any country road or with a man on Saturday, and further denied that appellant had spoken to her about any such incident at her home on Sunday.

The jury accepted the state's version of the matter and the testimony of Cathalina Gavia as true, and such evidence is sufficient to sustain their verdict.

We are unable to appraise appellant's first ground for reversal which relates to the claim that appellant's counsel should have been permitted to correct an erroneous statement he had made while examining the jury panel on voir dire.

There is no certification as to what statement was made to the jury by appellant's counsel, or that any statement that was made was erroneous. The statement of facts merely shows that appellant's counsel dictated his exceptions to the court's ruling "in the matter which was discussed before the bench just before recess."

Aside from his statement of the grounds for excepting to the court's ruling sustaining the state's objection, there is nothing in the record to establish what matter was discussed, what objection the state made that was sustained, or to what the state objected.

One additional error is suggested.

After the testimony above mentioned had been given by appellant and by the state's witness Cathalina Gavia, the state was permitted, over objection, to prove that Cathalina's reputation in the community for truth and veracity was good.

We are cited to the rule that where there is no evidence to impeach the testimony of a witness except contradictory evi-

dence, it is not permissible to bolster the testimony of the witness by proof of his good reputation for truth and veracity. Jones v. State, 52 Texas Cr. Rep. 206, 106 S.W. 126; Zysman v. State, 42 Texas Cr. Rep. 432, 60 S.W. 669.

This rule has no application here for where an attack is made upon the veracity of a witness, such as by evidence that the witness has conspired with another to falsely accuse the defendant, or where it is attempted to be shown that the witness is testifying under corrupt motives, or is fabricating testimony, it is proper to permit testimony that the witness has a good reputation for truth and veracity. Helton v. State, 125 S.W. 21; Thompson v. State, 74 Texas Cr. Rep. 145, 167 S.W. 345; Wilkerson v. State, 60 Texas Cr. Rep. 388, 131 S.W. 1108.

No reversible error appearing, the judgment is affirmed.