LEWIS CREECH V. STATE.

No. 31,008. November 4, 1959.

*Leo Darley*, Uvalde, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, three days in jail and a fine of $50.00.

The arresting officer testified that on the night in question he observed an automobile being driven from one side of the street to the other, that he brought the same to a halt and observed that the appellant staggered and smelled of alcohol, and that in his opinion the appellant was intoxicated. On cross examination he stated that the appellant did not demand a blood test. His testimony was corroborated by the night watchman who was at the police station when the appellant and the arresting officer arrived.

The appellant, testifying in his own behalf, stated that he had had nothing to drink on the night in question, that he had demanded a blood test after his arrest, and that the same had been refused. He stated that the officer was in error in his testimony as to the place of arrest. On cross examination the appellant was asked if, because of the above discrepancy in their testimonies, he would say that the officer was lying, and he answered in the affirmative. Appellant stated further that he was not a resident of the county where the prosecution was had.

Other officers were called in rebuttal and testified that the appellant smelled of intoxicants the following morning.

The sufficiency of the evidence is not challenged and we hold it sufficient to support the verdict.

Bill of Exception No. 1 complains of the refusal of the trial court to permit the appellant to call four witnesses to prove that his reputation for truth and veracity was good.

Branch's Ann. P.C. 2d Ed., sec. 206, pp. 232 & 233, sets forth two rules, both of which are supported by authority. They are as follows:

1. "If the witness is in the situation of a stranger and is assailed on cross-examination by questions attacking his credibility and tending to bring him into disrepute before the jury, he may be sustained by proof of his general reputation for truth."

2. "Proof of the general reputation of defendant or of any other witness for truth is not admissible where no attack has been made on the witness, but there is a mere contradiction between witnesses, or confusion in the statements of the witness."

We must determine under which rule the case at bar falls.

We have examined the authorities upon which the appellant relies. In Bowers v. State, 138 Texas Cr. Rep. 92, 134 S.W. 2d 263, in addition to showing contradictary statments, the witness was cross-examined with the view of showing that he had been violating the gaming laws, which would in a measure bring him "into disrepute before the jury." In Clayton v. State, 139 Texas Cr. Rep. 86, 138 S.W. 2d 1084, the prosecutrix was questioned about testimony she had given before the grand jury, and then members of the grand jury were called solely for the purpose of discrediting her.

In the case at bar we have merely the conflict in the testimony of the officer and the appellant as to the request for the blood test and the place of arrest. The question propounded on cross-examination was improper. However, when the appellant said that the officer was lying, he was merely saying that his version of the affair was correct and that of the officer incorrect. We see nothing in such answer which would tend to bring him into disrepute with the jury. See Rodriguez v. State, 166 Texas Cr. Rep. 1, 305 S.W. 2d 350.

Goode v. State, 57 Texas Cr. Rep. 220, 123 S.W. 597, is an excellent illustration of rule one above, where it is cited and which it supports. There the witness, Dr. Beaird, was so cross-examined as to make it appear that the witness himself, and not the accused, had killed the deceased. We find nothing in the record before us here which would bring this case under rule one, but rather find that here we have mere contradictions and nothing more.

We have concluded that no error is reflected by the bill, and the judgment is affirmed.