**George Raymond THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00063–CR.**

Court of Appeals of Texas,
Dallas.

Jan. 4, 1982.

Rehearing Denied Jan. 26, 1982.

---

Emmett Colvin, Dallas, for appellant.

Gregory Long, Asst. Dist. Atty., Dallas, for appellee.

Before ROBERTSON, STEPHENS and SPARLING, JJ.

ROBERTSON, Justice.

Appellant was convicted of murder and sentenced to a confinement of 48 years. At trial, appellant admitted that he had killed the deceased, but contended that he acted in self-defense or in defense of third persons. The State cross-examined appellant regarding his post-arrest, pretrial silence and suggested by its questions that appellant's testimony regarding his defense was recently fabricated. Appellant did not object to the State's questions regarding his silence. Instead, appellant offered testimony that his reputation for truth and veracity was good. The State objected to appellant's evidence and the trial court excluded it. We hold that the trial court erred by excluding the defensive evidence of appellant's reputation for truth and veracity. Furthermore, we hold the trial court's error was harmful to appellant and, therefore, the case must be reversed and remanded.

The briefs of both the State and appellant assume that the State's cross-examination of appellant regarding his post-arrest, pretrial silence constituted an impeachment of appellant. "To impeach a witness means adducing proof that such witness is unworthy of belief or credit." *Brown v. State*, 475 S.W.2d 938 (Tex.Cr.App.1971). We agree with the assumption of the parties that the State's questioning of appellant regarding his silence was for the purpose of showing that appellant was unworthy of belief or credit. By its questions, the State effectively charged that appellant had fabricated his testimony regarding his theory of defense. We hold that the State's questions regarding appellant's post-arrest, pretrial silence constituted impeachment. *See Franklin v. State*, 606 S.W.2d 818 (Tex.Cr. App.1978).

Appellant contends that since he had been impeached, he was entitled to present evidence of his good reputation for truth and veracity. We agree. In *Rodriguez v. State*, 165 Tex.Cr.R. 179, 305 S.W.2d 350 (1957), the court stated:

> [W]here an attack is made upon the veracity of a witness, such as by evidence that the witness has conspired with another to falsely accuse the defendant, or where it is attempted to be shown that the witness is testifying under corrupt motives, *or is fabricating testimony*, it is proper to permit testimony that the witness has a good reputation for truth and veracity. [Emphasis added.]

*Accord, O'Bryan v. State*, 591 S.W.2d 464 (Tex.Cr.App.1979).

In *Niles v. State*, 104 Tex.Cr.R. 447, 284 S.W. 568 (1926), the appellant was charged with murder. He defended on alleged insults offered by the deceased to his wife and upon self-defense. The appellant's wife testified that a short time before the homicide she told the appellant of the deceased having attempted to make love to her, and having kissed her, and having choked and threatened her, and having had carnal knowledge of her against her consent. The record disclosed a rigid cross-ex-

amination of appellant's wife concerning "matters of an impeaching nature." *Id.* 284 S.W. at 571. The court held that under these circumstances it was reversible error for the trial court to exclude evidence that appellant's wife's general reputation for truth and veracity was good.

In the present case, since the State was attempting to show that appellant was fabricating testimony, appellant's evidence of his good reputation for truth and veracity was admissible and the trial court erred in excluding it. Furthermore, we hold that since the trial court's error effectively precluded appellant from presenting a credible defense, the error prejudiced appellant and the case must be reversed. *Niles v. State, supra; Cf. Horne v. State,* 607 S.W.2d 556 (Tex.Cr.App.1980). (The trial court committed reversible error in refusing the submission of the issue of self-defense to the jury because the defendant has a right to have his legal defense determined by jury rather than the trial court.)

Reversed and remanded.

SPARLING, Justice, dissenting.

I respectfully dissent.

The majority has declared the trial court to be in error for failing to allow the defendant to present a truth and veracity witness. I would hold that under the circumstances presented here, the trial judge's discretion should be honored, and accordingly, would affirm.

Generally, a witness testifying that a prior witness has a good reputation for truth and veracity is a form of bolstering, and therefore, not admissible. *Stewart v. State,* 587 S.W.2d 148 (Tex.Cr.App.1979); *Wallace v. State,* 501 S.W.2d 883 (Tex.Cr.App.1973). The noted exceptions to this rule are when the fact witness is impeached by: (a) the testimony that the fact witness' reputation for truth and veracity is *bad, Graham v. State,* 57 Tex.Crim. 104, 123 S.W. 691 (1909); (b) a prior inconsistent statement or *evidence* of inconsistencies, *Adams v. State,*

514 S.W.2d 262 (Tex.Cr.App.1974); *O'Bryan v. State,* 591 S.W.2d 464 (Tex.Cr.App.1979), cert. denied, 446 U.S. 988, 100 S.Ct. 2975, 64 L.Ed.2d 846 (1980); and (c) vigorous cross-examination without any intervening testimony or evidence of an impeachment nature, *Acker v. State,* 421 S.W.2d 398, 401 (Tex.Cr.App.1967); quoting *Satterwhite v. State,* 77 Tex.Cr.R. 130, 177 S.W. 959 (1915). It is this third exception that the majority alleges is presented in this case.

The Court of Criminal Appeals has consistently affirmed the judgment of the trial court in *allowing* a truth and veracity witness in circumstances described in "(c)" above, *Clayton v. State,* 139 Tex.Cr.R. 86, 138 S.W.2d 1084 (1940); *Bowers v. State,* 138 Tex.Cr.R. 92, 134 S.W.2d 263 (1939); *Goode v. State,* 57 Tex.Cr.R. 220, 123 S.W. 597 (1909); and has consistently affirmed the judgment of the trial court in *refusing to allow* a truth and veracity witness in circumstances as in "(c)" above, *Creech v. State,* 168 Tex.Cr.R. 422, 329 S.W.2d 290 (1959); *Holdbrook v. State,* 109 Tex.Cr.R. 20, 2 S.W.2d 437 (1928). But, nowhere is it found that a case has been reversed because the trial court allowed, or refused to allow testimony that a witness' reputation for truth and veracity was good after the cross-examination of that witness, with no intervening impeachment testimony.

*Niles v. State,* 104 Tex.Cr.R. 447, 284 S.W. 568 (1926), is the only case cited by the majority, that has *ever* reversed the trial court for allowing, or refusing to allow, the testimony of a rehabilitating truth and veracity witness, regardless of the circumstances.[1] *Niles* is easily distinguished from the present case in that the witness in *Niles* was directly impeached by subsequent testimony *before* the reputation witness was called. Here, again, the "impeachment" was by cross-examination alone.

I would hold that the trial judge has broad discretion in determining whether a witness has actually been impeached. Who

---

1. *Niles* was reversed as a result of five errors cited by the reviewing court. Four of these were unrelated to the truth and veracity issue.

is in a better position than the trial judge to assess the damage done to a witness' credibility by cross-examination? The trial judge can observe the demeanor of the witness, the forcefulness of the question, and the impact of the answer. The "extent to which counteracting and rehabilitative evidence may be received after credibility of a witness has been attacked is a matter in which a trial judge has broad discretion." *Beck v. U. S.*, 317 F.2d 865, 870 (5th Cir. 1963), cert. denied, 375 U.S. 972, 84 S.Ct. 480, 11 L.Ed.2d 419, reh. denied, 376 U.S. 929, 84 S.Ct. 656, 11 L.Ed.2d 627 (1964).

In holding that the cross-examination was "impeachment," and then that it was of such magnitude to require the trial court to allow rehabilitative evidence, the majority has taken language discussing the word "impeachment" from unrelated cases and plugged it into these facts. *Brown v. State*, 475 S.W.2d 938 (Tex.Cr.App.1971) cited by the majority, is not a truth and veracity case, but rather concerns the ability of the State to impeach its own witness. The court refused to hold that the witness had been "impeached." *Franklin v. State*, 606 S.W.2d 818 (Tex.Cr.App.1978), cited by the majority, is not a truth and veracity case, but rather, one in which the Court of Criminal Appeals used the word "impeachment" in describing questions about defendant's pretrial silence.

After resolving the threshold question of "impeachment," the majority, in reversing, quotes the Court of Criminal Appeals in *Rodriguez v. State*, 165 Tex.Cr.R. 179, 305 S.W.2d 350 (1957), to hold that the "impeachment" was such that the trial court should have allowed the truth and veracity witness. Yet, the language used in that case was that "it is proper to permit," *not* that it was reversible to refuse, truth and veracity testimony. The majority also cites *O'Bryan v. State, supra*, which allowed evidence of good reputation to be admitted *after* evidence of witness' prior inconsistent statements had been admitted; clearly distinguishable from the facts of the present case.

The cross-examination by the State did not contain any affirmative statements of an impeachment nature, but only what the majority calls a "suggestion," which must be inferred from the questions asked. Compare *Holdbrook, supra*, where the prosecutor, in cross-examining the defendant, established that the defendant told him (the prosecutor) the day before the trial that he could not remember the facts of the offense. This tended to compromise defendant's earlier testimony of facts from memory. The Court of Criminal Appeals held that it was not error for the trial court to subsequently refuse to allow the defendant to call a witness to testify to his good reputation for truth and veracity.

The majority, in stretching to reverse this case, has done so under marginal facts of an impeaching nature, if any. I would support the integrity of the trial judge's discretion, hold that there was no impeachment, and accordingly affirm.