**Michael Dean JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–82–046–CR.**

Court of Appeals of Texas, Waco.

Feb. 10, 1983.

Rehearing Denied March 3, 1983.

Keith Woodley, Sudderth, Woodley & Dudley, Jim Parker, Comanche, for appellant.

John A. Hastings, Jr., Dist. Atty., Meridian, Garry Lewellen, McMillan & Lewellen, P.C., Stephenville, for appellee.

HALL, Justice.

A jury found appellant Michael Dean Jones guilty of the offense of burglary of a habitation with the intent to commit rape, and assessed his punishment at confinement in the penitentiary for a term of seven and one-half years. The evidence supports the conviction, and appellant does not assert otherwise. It shows that soon after midnight on Monday, June 8, 1981, appellant broke into the house occupied by the victim alone in the City of De Leon, Comanche County, Texas, entered the bedroom where the victim was sleeping, and attempted to rape her. By fighting and screaming, the victim was able to repel appellant, and he ran from the house.

Appellant's defense was alibi. He testified that he was at his home, asleep, at the time the crime was committed. The identification of him as the perpetrator of the crime rested solely upon the testimony of the victim.

This was the second trial of this case. It was held in Hamilton County upon the granting of appellant's motion for change of venue. The first trial, held in Comanche County, resulted in a mistrial when the jury could not reach a unanimous verdict.

In his first two grounds of error appellant asserts the trial court erred (1) in permitting the victim to testify on direct examination by the state, over objection, that she had never varied in her testimony that appellant was the person who attempted to rape her, and that she had never told anybody anything different, because at the time of this testimony the victim had not been impeached or otherwise discredited; and (2) in permitting the Sheriff of Comanche County to testify, following the victim's cross-examination, that the victim's reputation for truth and veracity was good, because at the time of this testimony the victim's reputation for truth and veracity had not been challenged. We overrule these contentions.

Prior to the Sheriff's testimony, the victim was subjected to vigorous and rigid cross-examination by appellant's attorney in which he sought to impeach the victim on many important identification matters by evidence of the victim's prior inconsistent statements. On at least three occasions appellant's attorney asked the victim whether her prior or present testimony was "the truth." In the cross-examination appellant's attorney also accused the victim of fabricating her identification solely upon (1) her claim and belief that a few days prior to the offense appellant had "stared" at her on her visit to a local nursing home where he worked, and (2) her knowledge prior to the offense, from community ru-

mor, that appellant was a convicted felon. Where a witness has been impeached as to material matters by evidence of his prior inconsistent statements, or has been accused of fabricating his testimony, then evidence of the witness's good character for truth and veracity is admissible on rebuttal. *O'Bryan v. State,* 591 S.W.2d 464, 476 (Tex. Cr.App.1979), Cert. denied, 446 U.S. 988, 100 S.Ct. 2975, 64 L.Ed.2d 846 (1980); *Rodriguez v. State,* 165 Tex.Cr.R. 179, 305 S.W.2d 350, 351 (Tex.Cr.App.1957).

The victim's impeachment by prior inconsistent statements and the fabrication accusation also rendered her prior self-bolstering testimony admissible to counter the impeachment. Therefore, even if this testimony was improperly admitted at the time given, it was later made admissible and thus the initial ruling of the court does not reflect reversible error under the record. *Simons v. State,* 167 Tex.Cr.R. 15, 317 S.W.2d 740, 742 (Tex.Cr.App.1958).

In his third and final ground of error appellant asserts the trial court erred in permitting the state on cross-examination of appellant, over appellant's objections, to impeach appellant on past convictions not constituting felonies or crimes of moral turpitude; to go into details of past felony convictions; and to attempt to prove bad character on the part of appellant by alluding to particular acts of misconduct. Appellant's only specific objection at the trial related to these contentions was concerned with an armed robbery conviction previously admitted by appellant on his direct testimony. The objection was sustained before being answered, and the jury was instructed to disregard the question. Since appellant did not preserve the errors now urged by objections at the trial, nothing is presented for review. *Vanderbilt v. State,* 629 S.W.2d 709, 721 (Tex.Cr.App.1981). The third ground of error is overruled.

The judgment is affirmed.