SABINO AYALA V. STATE

No. 34,075. January 3, 1962
Motion for Rehearing Overruled January 31, 1962

*J. P. Moseley,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Gene Ater, H. D. Nicholson, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for driving while intoxicated; the punishment, 6 months in jail and a fine of $50.

The evidence was undisputed that on the night in question, the appellant while operating his automobile upon McKinney Avenue, a public street in Dallas County, drove into the rear of an automobile parked on the right side of the street and caused it to in turn collide with the rear of another vehicle parked in front. Three officers, who came to the scene of the accident and observed appellant, testified that at such time he was unsteady on his feet; his speech was incoherent; that they could smell a strong odor of intoxicants coming from him and expressed their opinion that at such time he was intoxicated.

Testifying as a witness in his own behalf, appellant admitted driving his automobile on the occasion in question and stated that the cause of the collision was when the steering wheel "came loose." Appellant testified that he had drunk no alcohol that day and denied that he was intoxicated. Appellant's wife, upon being called as a witness, corroborated his testimony that he had not been drinking prior to the time he left home.

The jury resolved the disputed issue of intoxication against appellant and we find the evidence sufficient to sustain their verdict.

Appellant's sole claim of error on appeal relates to certain questions propounded to him on cross-examination by state's counsel.

On his cross-examination, appellant was asked: "In other words, the officers were mistaken when they say that you had a strong odor of intoxicating beverage coming from your mouth?" Appellant objected to the question on the ground that it was asking him to compare his testimony to that of another witness and placed him under the obligation to call "somebody a liar." After the objection was by the court overruled, appellant answered: "Yes sir, they were mistaken."

Thereupon counsel for the State asked: "They were mistaken when they talked about your speech being incoherent and the fact that —."

Appellant again objected which objection was by the court overruled, however the record does not reflect that the question was answered by appellant.

While it is the rule, that the opinion of a witness as to the truth or falsity of other testimony may not be asked for, we do not feel that the questions propounded to appellant call for a reversal of the conviction.

There was a sharp conflict in the testimony with reference to the odor of alcohol on appellant's breath. Appellant denied that he had been drinking. The officers testified that he had the odor of alcohol. His testimony that they were mistaken could not, under the conflicting testimony, have injured him before the jury.

In Creech v. State, 329 S.W. 2d 290, a question propounded to an accused under similar conflicting testimony, as to whether he would say an officer was lying, was held not to be prejudicial to him.

The judgment is affirmed.

Opinion approved by the Court.