**Affirmed and Opinion filed April 5, 2012.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

———————————

## NO. 14-10-01003-CR

———————————

**LEE JOSEPH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 208th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1221058**

## OPINION

Appellant Lee Joseph appeals his conviction for murder. A jury found appellant guilty and assessed punishment at twenty-two years in prison. On appeal, appellant contends that his trial counsel failed to provide him with effective assistance based on three distinct arguments: (1) failure to conduct an independent investigation of facts in order to adequately present a claim of self defense; (2) failure to object to questions by the prosecution asking appellant whether various witnesses had lied during their testimony; and (3) failure to present reputation and fact witnesses during the punishment phase of the trial. We affirm.

## BACKGROUND

On June 18, 2009, appellant shot and killed Edward Colomb. Appellant owned a barn where Colomb kept horses. A week earlier, on June 10, 2009, appellant and Colomb got into an argument about whose horse would win in a race. When Mr. Colomb's girlfriend Andrea Houston interjected, appellant got upset and told her that she would have to move her horses and get off his property. Over the course of the next week, Colomb and Houston moved all but one of their horses to another barn.

On the night of the shooting, Colomb and Houston's brother, Shannon Thomas, came to appellant's property to feed the remaining horse. Appellant testified that Colomb and Thomas pulled up to his property "real fast," after which an altercation between appellant and Colomb ensued. As the argument progressed, Thomas and Colomb approached appellant, and appellant testified that he was frightened because both Colomb and Thomas were bigger, stronger, and younger than he, and he thought they were going to hurt him "real bad." As Colomb and Thomas moved towards appellant, appellant backed up towards a trailer until he could not go further. At that point, appellant drew a gun, aimed it at Thomas and Colomb, and told them, "Y'all need to get out of this barn." When they continued to approach, appellant fired several shots and Colomb was shot once and killed.

Appellant was tried for murder and subsequently convicted by a jury on October 8, 2010. The jury assessed punishment at twenty-two years' imprisonment. On November 8, 2010, appellant filed a motion for new trial which was denied by the trial court. Appellant timely appealed.

## DISCUSSION

On appeal, appellant contends that he was denied effective assistance of counsel. In three issues, appellant argues that:

1. Trial counsel failed to conduct an independent investigation of the facts necessary to present a claim of self defense;

2. Trial counsel failed to object to questions by the prosecution asking appellant if a number of the witnesses had lied under oath; and

3. Trial counsel failed to present reputation and fact witnesses during the punishment phase of the trial.

We discuss issues one and three together, and issue two on its own merits.

## I. Failure to Conduct an Independent Investigation and Failure to Present Reputation and Fact Witnesses

In his first and third issues, respectively, appellant argues that trial counsel: (1) failed to complete an investigation necessary to present appellant's claim of self defense, and (2) failed to present reputation and fact witnesses during the punishment phase of the trial. Although these allegations are independent of one another—one speaking to the guilt-innocence phase of the trial and the other addressing the punishment stage—they both involve the same witnesses and therefore the issues are interrelated and we address them together.

Ineffective assistance of counsel claims are reviewed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under the *Strickland* analysis, appellant must satisfy a two-prong test to prove ineffective assistance of counsel. *Id.* at 687. To satisfy the first prong, "a defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The second prong requires appellant to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Appellant argues that he was prevented from presenting an adequate claim of self defense at trial as a result of his counsel's failure to investigate. *Strickland* maintains that where there is only one plausible line of defense, counsel must conduct a "reasonably

substantial investigation" into that line of defense, since there can be no strategic choice that renders such an investigation unnecessary. *Id.* at 680. The investigation need not be exhaustive, but it must include "an independent examination of the facts, circumstances, pleadings and laws involved." *Id.*

Here, appellant argues that his trial counsel failed to interview seven available character and fact witnesses who were willing to testify at trial. Appellant further contends his counsel did not call Rick Collins, his employer of thirty-five years, to testify, nor did he call Joseph Jason Cormier even though Cormier was present in the courtroom each day of appellant's trial.

We are presented with almost no evidence demonstrating what trial counsel did or did not do regarding an investigation of the facts. The record simply shows that counsel asked appellant to bring his witnesses into counsel's office and appellant did so. The reasonableness of an attorney's investigation may turn on information supplied to him by a defendant. *Bryant v. Scott*, 28 F.3d 1411, 1415 (5th Cir. 1994). Counsel contends that he chose not to use a particular witness—specifically, Rick Collins—because appellant described Mr. Collins to counsel as "not nice" and "racist." When a defendant gives counsel reason to believe that pursuing certain investigations would be harmful, counsel's failure to pursue such investigations may not be deemed unreasonable. *Strickland*, 466 U.S. at 691.

Appellant's argument that his counsel's failure to conduct an investigation prevented him from adequately asserting his claim of self defense lacks merit. Appellant's counsel testified that he believed he adequately presented appellant's self defense claim through the testimony of Andrea Houston, Joe Bolden, and appellant himself. The record reveals that appellant testified regarding his state of mind at the time of the shooting and that he shot Colomb in self defense. Appellant testified that when Colomb and Thomas were approaching him, he feared for his life. Appellant was unsure if Colomb and Thomas would kill him, but thought they would "hurt [him] real bad." We

4

conclude that appellant has not shown ineffective assistance of counsel in the presentation of appellant's claim of self defense primarily through appellant's own testimony. Accordingly, we overrule appellant's first issue.

In his third issue, appellant contends that his trial counsel failed to present reputation and fact witnesses during the punishment phase of the trial. During the punishment phase of trial, appellant's counsel presented appellant's wife and children as character witnesses. Counsel later stated that he did not call other witnesses because "anything we had outside would have been cumulative." Lacking any evidence to the contrary, we presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 690. Moreover, the decision to call witnesses is generally a matter of trial strategy. *State v. Thomas*, 768 S.W.2d 335, 337 (Tex. App.—Houston [14th Dist.] 1989, no pet.).

The failure to interview eyewitnesses to a crime may support a claim of ineffective assistance of counsel. *Bryant*, 28 F.3d at 1415. In the instant case, however, there were no potential alibi witnesses or eyewitnesses. All of the affiants in question stated they were willing to testify to either appellant's character or the victim's reputation, but none could testify to the actual events on the night of the shooting. A high degree of deference must be given to counsel's decision not to further investigate these witnesses. *Wiggins v. Smith*, 539 U.S. 510, 521–522 (2003). We conclude that counsel's actions did not fall outside the standard of reasonable professional conduct.

It has been said that "surmounting *Strickland*'s high bar is never an easy task." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1408 (2011). Here, trial counsel's performance cannot be said to have fallen outside the realm of reasonable conduct, and accordingly, the first prong of the *Strickland* test has not been satisfied. *See Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (noting that the reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and that the standard of review is highly deferential). Because appellant

5

has failed to satisfy the first prong of the test, we need not consider an analysis under the second prong. *See Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). Accordingly, appellant's first and third issues are overruled.

## II. Failure to Object to Questions by the Prosecution

In his second issue, appellant alleges that trial counsel failed to object to questions by the prosecution asking appellant whether a number of the witnesses had lied under oath. During trial, there was a divergence in testimony between appellant's account of events, and the other witnesses' versions. Appellant raised this issue on direct examination when, in response to one of trial counsel's questions he replied, "they telling a lie." In response, the prosecution asked appellant, in a series of questions during cross-examination, whether or not several other witnesses had lied during their testimony, to which appellant answered in the affirmative. The prosecution's final question in this regard was: "Is there anybody that testified during this trial that didn't lie about you Mr. Joseph?" To which appellant replied: "So far not."

It is not proper for an attorney to question one witness about the truthfulness of another witness's testimony. *Lopez v. State*, 200 S.W.3d 246, 257 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd). However, when viewing the record as a whole, such questions are usually held harmless because they simply highlight the fact that defendant disagrees with the State's witnesses' testimony. *Temple v. State*, 342 S.W.3d 572, 615 (Tex. App.—Houston [14th Dist.] 2010, pet. granted). Where there is a sharp conflict in testimony, appellant's testimony that the officer was wrong could not have injured him before the jury. *Ayala v. State*, 352 S.W.2d 955, 956 (Tex. Crim. App. 1962); *Streff v. State*, 890 S.W.2d 815, 820 (Tex. App.—Eastland 1994, pet. ref'd) ("Given the contradicting testimonies, the error was harmless."); *Creech v. State*, 329 S.W.2d 290, 291 (Tex. Crim. App. 1959) ("[W]hen the appellant said that the officer was lying, he was merely saying that his version of the affair was correct and that of the officer incorrect. We

see nothing in such answer which would tend to bring him into disrepute with the jury."); *see also Temple*, 342 S.W.3d at 615.

Moreover, whether counsel's performance fell below the reasonableness standard is irrelevant because appellant would fail to meet the second prong of the *Strickland* test. 466 U.S. at 691. The essential fact of the case is not in dispute: appellant admitted to shooting the victim. Considering the totality of the circumstances, we cannot say that the result would have been different had appellant's counsel objected to the prosecution's line of questioning. Accordingly, appellant's second issue is overruled.

## CONCLUSION

With respect to appellant's first and third issues, appellant has failed to meet his burden of showing that trial counsel's performance fell below a reasonable standard, or that if it had, then but for counsel's performance, the outcome of the trial would have been different. With respect to appellant's second issue, we find that the prosecution's line of questioning was improper, but the error was nevertheless harmless. Therefore, because counsel's conduct did not fall below a reasonable standard, appellant has failed to meet the high burden required to satisfy the first prong of the *Strickland* ineffective assistance of counsel test. Accordingly, we overrule appellant's three issues on appeal, and we affirm the judgment of the trial court.


/s/    Martha Hill Jamison
       Justice


Panel consists of Chief Justice Hedges and Justices Jamison and McCally.

Publish — TEX. R. APP. P. 47.2(b).