

NUMBER 13-15-00080-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**GREGORY LEWIS, A/K/A**
**GREGORY ALLAN LEWIS,**                                               **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                               **Appellee.**

**On appeal from the 404th District Court**
**of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion by Justice Benavides**

By a single issue, appellant Gregory Lewis challenges his convictions for

continuous sexual assault of a child, two counts of aggravated sexual assault of a child

under 14 years of age, and indecency with a child, *see* TEX. PENAL CODE ANN. §§ 21.02(b),

22.021(a) (B), and 21.11(a) (West, Westlaw through 2015 R.S.). Appellant asserts that

he was denied effective assistance by his trial counsel.    We affirm.

## I.    BACKGROUND

The State indicted Lewis who was the complaining witness's, A.L.'s[1] father for the crimes listed above.    Lewis pleaded not guilty, and the case proceeded to a jury trial.

The State called thirteen total witnesses at trial.    Among those testifying included: the school counselor who heard the original outcry, two CPS caseworkers, the detective assigned to the case, and the forensic interviewer who interviewed A.L. after her outcry. The State also questioned various members of A.L.'s family.    A.L. was the State's final witness and testified to the various sexual acts she alleged Lewis forced her to engage in.    Lewis chose not to testify.    However, Lewis's wife, S.L., who is also A.L.'s mother, testified.

The jury found Lewis guilty of all four counts as alleged in the indictment.    Lewis was sentenced to thirty years in the Texas Department of Criminal Justice—Institutional Division on the continuous sexual abuse charge and aggravated sexual assault charges, and twenty years for the indecency with a child charge.    The trial court ordered the sentences to run concurrently.

Following Lewis's conviction, he filed a motion for new trial[2] alleging ineffective assistance of counsel.    A hearing on the motion was held on February 2, 2015, where Lewis's trial attorney, Joseph Moreno, was questioned by Lewis's appellate counsel and the State.    The trial court subsequently denied the motion for new trial, and this appeal

---

[1] Although the complaining witness's identity was not concealed at trial, given the nature of the case, on appeal, we will use only her initials.

[2] Unless mentioned specifically, no other issues were discussed during the motion for a new trial hearing.

followed.

## II.  INEFFECTIVE ASSISTANCE OF COUNSEL

By his sole issue, Lewis claims that he was denied effective assistance of counsel during his trial.

## A.  Standard of Review

To prevail on a claim of ineffective assistance of counsel, the defendant must meet the heavy burden of *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, the defendant must show by preponderance of the evidence that:  (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that the result of the proceeding would have been different but for the attorney's deficient performance.  *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986) (en banc) (citing *Strickland*, 466 U.S. at 694); *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet).  Allegations of ineffectiveness must be "firmly founded in the record."  *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  "A vague inarticulate sense that counsel could have provided a better defense is not a legal basis for finding counsel constitutionally incompetent."  *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002).  The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances.  *Id.*

A "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  *Strickland*, 466 U.S. at 690.  We look to "the totality of the representation and the particular circumstances of each case in evaluating the

3

effectiveness of counsel." *Thompson*, 9 S.W.3d at 813. If the appellant fails to prove one prong of the test, we need not reach the other prong. *See Strickland*, 466 U.S. at 697; *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *McFarland v. State,* 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). Absent both showings, an appellate court cannot conclude the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Ex parte Menchaca,* 854 S.W.2d 128, 131 (Tex. Crim. App.1993). Appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective. *Cannon v. State,* 668 S.W.2d 401, 403 (Tex. Crim. App.1984). When handed the task of determining the validity of a defendant's claim of ineffective assistance of counsel, any judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight. *Ingham v. State,* 679 S.W.2d 503, 509 (Tex. Crim. App.1984). Finally, there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. 668, *Thompson*, 9 S.W.3d at 814.

## B.    Discussion

### 1.    Admission of Evidence

Lewis first argues that his trial counsel failed to object to the introduction of evidence of the magistrate's finding of probable cause to arrest the defendant on hearsay grounds. As a general rule, hearsay evidence relating to probable cause is not admissible when the issue of probable cause is not raised before the jury. *Smith v. State*, 574 S.W.2d 555, 557 (Tex. Crim. App. 1978). In the present case, the State

4

questioned Harlingen Police Investigator Ruben Salazar and asked him questions regarding the arrest warrant issued for Lewis as well as what probable cause was needed, but the issue of probable cause was not raised before the jury. Lewis argues that the issue of probable cause was not raised before the jury, and the evidence elicited from the witness was therefore not admissible. However, Lewis's trial counsel objected on relevance grounds regarding the issue of probable cause, and the trial court sustained the objection. On appeal, however, Lewis argues that his trial counsel did not object on hearsay grounds. While the complained-of evidence is inadmissible hearsay, Lewis nevertheless fails to rebut the strong presumption that Lewis's trial counsel's conduct was not unreasonable. Regardless, even if he met his burden under the first prong of *Strickland*, Lewis fails to show how this alleged failure would have resulted in a different outcome but for the alleged deficiency. *See Hernandez*, 726 S.W.2d at 55.

Next, Lewis contends that the State elicited additional information on the issue of probable cause from the Court Assigned Special Advocate (C.A.S.A.) volunteer Ricardo Cavazos, who stated "there was enough there for an arrest." Applying the *Strickland* standard, we presume that Lewis's counsel's failure to object to this testimony was reasonable because Detective Salazar was on the State's witness list and later testified about Lewis's arrest, therefore, not requiring any objection from Lewis's counsel. *See Strickland*, 466 U.S. 668. An analysis under the second prong of Strickland is not necessary because Lewis fails to rebut the strong presumption that his trial counsel acted reasonably. *Id.*

By his second sub-issue, Lewis argues that his trial counsel's failure to object to hearsay testimony by Sexual Assault Nurse Examiner (S.A.N.E.), Goldie Strader,

5

amounted to ineffective assistance. At trial, Nurse Strader was asked to read the complaining witness's medical history from the report she created. Initially, defense counsel objected to bolstering, but the State responded that it was relevant and was also an exception to the hearsay rule.

Hearsay is an out of court statement that is being offered to prove the truth of the matter asserted. TEX. R. EVID. 801(d). Hearsay statements are inadmissible in court because it presents the jury with information other than the witness's sworn testimony. However, as in the present case, statements referencing the "medical diagnosis or treatment and describing medical history" are an exception to the hearsay rule and can be admissible at trial. TEX. R. EVID. 803(4). Lewis argues that the State did not elicit evidence from the witness that would be considered part of a medical diagnosis. Strader recited A.L.'s medical history, which was taken in order to be able to establish her medical diagnosis. A.L.'s medical history was given to Nurse Strader for the purpose of facilitating her medical diagnosis or treatment, making the history admissible under an exception to the hearsay rule. *See Taylor v. State*, 268 S.W.3d 571 (Tex. Crim. App. 2008) (holding statements to a non-medical professional that will be relayed to a medical professional about the declarant's diagnosis are admissible under the exception to the hearsay rule for statements made for the purpose of medical diagnosis). Because this evidence was admissible pursuant to this hearsay exception, an objection to this evidence would have been without merit. Thus, Lewis failed to meet his burden under the first prong of *Strickland* test to show that his trial counsel's representation fell below an objective standard of reasonableness.

Lewis's third sub-issue argues that his trial counsel was ineffective because he

6

failed to object to Texas Department of Family and Protective Services (CPS) caseworker Diana Molina's testimony regarding an ultimate issue of material fact that should be decided by a jury. As explained by Molina, each child abuse case is classified by CPS into three different findings: reason to believe, unable to determine, and rule out. Molina testified that A.L.'s case was classified as a "reason-to-believe" case, meaning that the CPS had sufficient evidence to believe A.L's complaint was credible. A witness's testimony cannot rise to the level of "'replacing' the jury," by making conclusions on issues that are for the jury to decide. *See Cohn v. State*, 849 S.W.2d 817 (Tex. Crim. App. 1993). When this issue was raised at the motion for a new trial hearing, however, trial counsel addressed this issue as well as his reasoning for not objecting to it:

[Appellate Counsel]: Did you object to the—did you object, as the attorney, to the reason to believe as being a conclusion on the part of the witness?

[Trial Counsel] I did not object to that, because I knew that on cross-examination, I was going to be able to show that she didn't know what she was talking about because she didn't have -- she didn't know about the existing evidence that contradicted the statements that were made, so I knew that I would be able to -- to -- to get her to say she didn't know.

In an ineffective assistance claim, appellant has to prove that counsel's actions were not supported by a reasonable strategy. *Massaro v. United States*, 538 U.S. 500, 504-05 (2003). Lewis's trial counsel explained that during his cross examination of Molina, he attempted to show that jury that "[Molina] didn't know what she was talking about," by discrediting her testimony by asking her specific questions about the case that she was not able to answer. Trial counsel's competence is presumed and his failure to object was part of sound strategy. Here, Lewis's trial counsel disclosed his strategy for

7

not objecting and how he sought to discredit Molina during cross examination. Therefore, Lewis's argument does not meet his burden under *Strickland*.

By his fourth and fifth sub-issues, Lewis argues that his trial counsel's failure to object to evidence of the various witnesses' opinions regarding the truthfulness and character of the complaining witness amounted to ineffective assistance. Generally, no witness may ever give an opinion concerning the truth or falsity of another witness's testimony. *Joseph v. State*, 367 S.W.3d 741 (Tex. App.—Houston [14th Dist.] 2012) (citing *Ayala v. State*, 352 S.W.2d 955, 956 (Tex. Crim. App. 1962)); TEX. R. EVID. 701.

Lewis first argues that the statements made by the school counselor Claudia Penuelas commented on A.L.'s willingness to accept fault and her propensity to tell lies, and that these comments should have been objected to, as the credibility of A.L. had not yet been attacked. TEX. R. EVID. 608. While it is conceivable that these statements could have been objectionable, Lewis fails to establish how his trial counsel's failure to object fell outside the wide the range of reasonable professional assistance. *Thompson*, 9 S.W.3d at 814, *McFarland* 228 2d at 500. Additionally, Lewis asserts that his trial counsel should have objected to testimony from Marcela Fuentes, A.L.'s assistant principal, as inadmissible character-for-truthfulness evidence. The record reveals, however, that Lewis's trial counsel did object to this testimony, but the trial court overruled this objection. As a result, we conclude that Lewis again failed to meet his burden to establish a claim for ineffective assistance of counsel on this ground.

Lewis also argues that testimony from Molina and Cavazos was also wrongfully admitted as character evidence, and his trial counsel was ineffective for failing to object to its admissibility. Lewis also points to testimony by S.L., A.L.'s mother, who testified

about A.L.'s truthfulness, as well as similar testimony from A.L.'s grandmother and uncle and testimony by Detective Salazar. However, like many of Lewis's arguments on appeal, however, the record is silent as to why his trial counsel failed to object to this purportedly inadmissible evidence. As a result, Lewis fails to rebut the presumption that his trial counsel's decisions not to object was reasonable. *See Thompson*, 9 S.W.3d at 814.

Next, Lewis argues that Galvan-Castillo's testimony about A.L.'s providing of sensory details and Nurse Strader's reading of the medical report also amounted to inadmissible evidence regarding A.L.'s truthfulness; however evidence that is rationally-based on a witness's perception does not constitute improper evidence of character for truthfulness. TEX. R. EVID. 701. Therefore, Lewis failed to establish how his trial counsel's failure to object was unreasonable.

Additionally, Lewis challenges several statements made by Casey Monroe, A.L.'s therapist as impermissible credibility testimony. The first statement related to Monroe's description of A.L.'s demeanor, while A.L. described the acts of abuse against her. Another piece of testimony that Lewis complains about on appeal related to Monroe's apparent commentary on A.L.'s credibility. Even if we assume without deciding that these statements constitute inadmissible character evidence, we must be highly deferential to Lewis's trial counsel's decision not to object. See *Thompson*, 9 S.W.3d at 814. Furthermore, Lewis also fails to prove beyond a preponderance of the evidence that trial counsel was ineffective by failing to object. See *Thompson*, 9 S.W.3d at 814.

Lewis's sixth sub-issue alleges that trial counsel was ineffective by failing to request pre-trial notice and object at trial to the State's attempts to introduce evidence in

violation of Rule 404(b). TEX. R. EVID. 404(b)(2). Rule 404(b)(2) of the Texas Rules of Evidence states:

> This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On timely request by a defendant in a criminal case, the prosecutor must provide reasonable notice before trial that the prosecution intends to introduce such evidence--other than that arising in the same transaction--in its case-in-chief.

*Id.* According to this rule, the State must provide notice to the defendant of any bad acts they plan to introduce at trial if it is requested by the Defense.

In the present case, trial counsel did not request notice of the bad acts; however, even if he had, the State still would have been able to present the evidence of bad acts at trial, which would have made an objection meritless. For example, several pieces of testimony that are referenced by Lewis refer to observations made of Lewis's demeanor during the pendency of the trial. However, demeanor does not fall under the scope of admissibility as defined above. Because we must be highly deferential to Lewis's trial counsel's decision, and because Lewis fails to prove through evidence firmly founded in the record that would prove the trial counsel's ineffectiveness by failing to object to this testimony, we conclude that Lewis again fails to meet his burden under *Strickland*. *See Ingham,* 679 S.W.2d at 509, *Thompson*, 9 S.W.3d at 813.

Additionally, Lewis points to other unobjected to evidence that referenced S.L.'s alleged marijuana use when A.L. was born, as well as testimony regarding Lewis's failure to comply with the CPS safety plan and his hostility toward CPS. As stated previously, Lewis bears the burden of proving beyond a preponderance of the evidence that his trial counsel was ineffective by allowing this testimony into evidence. Aside from mentioning

10

this testimony, Lewis fails to explain how or why his trial counsel's failure to object amounted in ineffective assistance.

Further, Lewis argues that the State improperly elicited evidence about how he met his wife; however this evidence has no bearing on an ineffective assistance claim because this testimony was objected to on relevance grounds, but nevertheless overruled by the trial court. Finally, Lewis argues that his trial counsel's failure to object to the State's questioning of A.L.'s uncle, Roger Allen, about Lewis's relationship with A.L. was improper and should have been objected to. According to the record, however, this line of questioning solely dealt with the amount of time that Lewis spent with A.L. Therefore, even assuming without deciding that Lewis met his burden under the first prong of *Strickland*, he fails to show how this alleged failure would have resulted in a different outcome but for the alleged error. *See Hernandez*, 726 S.W.2d at 55.

### 2. Jury Argument by the Prosecutor

The seventh and final sub-issue raised is trial counsel's alleged failure to object to three instances during closing argument in which the State alluded to Lewis's failure to testify which purportedly violated his right to remain silent. A prosecutor's comment can amount to an impermissible comment on a defendant's failure to testify only if, when viewed from the jury's standpoint, the comment is manifestly intended to be, or is of such character that a typical jury would naturally and necessarily take it to be, a comment on the defendant's failure to testify. *Crocker v. State*, 248 S.W.3d 299, 304 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd.) (citing *Bustamante v. State,* 48 S.W.3d 761, 765 (Tex. Crim. App. 2001)).

Lewis first complains of the following argument by the State's prosecutor:

Of course there was not another witness. It was her and him in that room, and he's denying it. She is the one that came in here and told you that [sic] the details of what he would do to her.

Nothing in the record shows why Lewis's trial counsel failed to object to this argument, and Lewis fails to point to any evidence firmly founded in the record that failing to object to this comment fell below the objective standard of reasonableness. Therefore, we must be highly deferential to the trial counsel's judgment in not objecting to this comment and it is presumed that this alleged error fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. 668, *Thompson*, 9 S.W.3d at 814.

The second and third comments made by the State that Lewis challenge are the following:

[T]hey tried to offer services to the Defendant, and at first, he showed up to that first meeting, and after that, he didn't want anything to do with it.

. . . .

[Y]ou should care enough for your child to partake of it, …'I would have done whatever was needed to clear my name and protect my family and get them back.' That's not what he did. Instead, what does he do? He cussed her out, didn't have anything to do with it.

Aside from referencing these comments, Lewis again fails to rebut the strong presumption afforded his trial counsel that his failure to object was a reasonable decision. *See Strickland*, 466 U.S. 668, *Thompson*, 9 S.W.3d at 814.

### 3. Summary

In summary, we conclude that Lewis did not meet his burden on any grounds alleged under *Strickland* to establish that his trial counsel provided ineffective assistance. *See* 466 U.S. 668. Therefore, for the foregoing reasons, we overrule Lewis's sole issue

12

on appeal.

### III. CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
14th day of July, 2016.