**Affirmed and Memorandum Opinion filed November 13, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-17-00819-CR

**KERRY JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1524000**

## M E M O R A N D U M   O P I N I O N

Appellant pleaded guilty to aggravated robbery without an agreed recommendation for punishment. The trial court sentenced appellant to twenty years' confinement. In two issues, appellant contends that (1) his trial counsel rendered ineffective assistance, and (2) the trial court erred by denying appellant's motion to dismiss and replace his court-appointed counsel. We affirm.

# I.   INEFFECTIVE ASSISTANCE

In his first issue, appellant contends that his trial counsel rendered ineffective assistance by failing to object to factual inaccuracies regarding an extraneous offense in the presentence investigation (PSI) report and that trial counsel should have adduced evidence to refute the extraneous offense.

## A.   Background

Neither the State nor appellant presented any evidence at the sentencing hearing. The parties argued for sentences based on the PSI report, which contained summaries of the offense and statements made by police officers, appellant, and others. Appellant took responsibility for the aggravated robbery, but as the arguments of the parties at the sentencing hearing and the PSI report show, the parties disputed whether appellant had committed an extraneous offense of aggravated assault against a public servant.

The PSI report stated that as appellant fled from police officers, he "turned around, pointed a pistol at [an officer,] and fired a round directly at her in an attempt to kill her." Appellant, however, stated that "as he jumped over a fence, the gun dropped and when he picked it up, it discharged." Appellant said that he "did not intentionally shoot at the police officers."

At the sentencing hearing, appellant's trial counsel informed the court that he disagreed with the State's position that appellant had fired at the officer. Trial counsel argued that the officers' reports did not show an intentional firing of the gun, and that an atomic absorption test did not reveal any gunshot residue on appellant's hands.

Before sentencing appellant to twenty years' confinement, the trial court said that it was the court's belief that "there was an intentional firing by this defendant."

**B.      Legal Principles for Challenging a PSI Report**

A trial court must allow a defendant to "comment" on a PSI report, and the court may allow a defendant to introduce testimony or other information alleging a factual inaccuracy in the report. *See* Tex. Code Crim. Proc. art. 42A.255(b); *Stringer v. State*, 309 S.W.3d 42, 45 (Tex. Crim. App. 2010). The purpose of a PSI report is to provide the sentencing court with a wide range of information, including information about unadjudicated offenses, without an adversarial hearing. *See Stringer*, 309 S.W.3d at 47–48. Holding a "mini-trial" for sentencing would thwart the purpose of the PSI report. *Id.* at 48.

**C.      Legal Principles for Ineffective Assistance**

To prevail on a claim of ineffective assistance, an appellant must prove by a preponderance of the evidence that (1) counsel's performance was deficient by falling below an objective standard of reasonableness and (2) counsel's deficiency caused the appellant prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Perez v. State*, 310 S.W.3d 890, 892–93 (Tex. Crim. App. 2010).

Often a claim of ineffective assistance may not be addressed on direct appeal because the record is not sufficient to conclude that counsel's performance was deficient under the first *Strickland* prong. *See Andrews v. State*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005); *see also Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). "Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation." *Salinas*, 163 S.W.3d at 740. "To overcome the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quotation omitted). If counsel has not had an opportunity to explain their actions, we may not find deficient

3

performance unless the conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quotation omitted).

To show that counsel's failure to object amounted to ineffective assistance, an appellant must show that the trial court would have committed error by overruling the objection. *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011). And, to show that counsel's failure to call a witness amounted to ineffective assistance, an appellant must show that the witness had been available to testify and that the testimony would have been of some benefit to the defense. *Ex parte Ramirez*, 280 S.W.3d 848, 853 (Tex. Crim. App. 2007); *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983).

### D.     No Ineffective Assistance

Appellant contends that his trial counsel failed to object to factual inaccuracies in the PSI report and that counsel should have "called the various officers to testif[y] to the lack of personal knowledge as to firing the shot at the officers, and to testif[y] that an atomic absorption test was performed, and result was negative."

Counsel's reasoning for not formally objecting to the PSI report and for not calling the police officers to testify at appellant's sentencing hearing is not contained in the record. Consistent with Article 42A.255, counsel commented on the PSI report by noting that the officers' and appellant's versions of the shooting differed. Without objection from the State, counsel referred to the officers' statements contained in their police reports and the atomic absorption test results. And, counsel's failure to call two adverse witnesses—police officers who claimed to have been fired upon—cannot be described as so outrageous that no competent attorney would have engaged in it. *See Bone v. State*, 77 S.W.3d 828, 834 n.21 (Tex. Crim. App. 2002) (noting that trial counsel may intentionally decline to question a witness if the

4

testimony might not be beneficial); *Joseph v. State*, 367 S.W.3d 741, 744 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) ("[T]he decision to call witnesses is generally a matter of trial strategy.").

Appellant has failed to show that the trial court would have erred by overruling any objection to the PSI report, *see Ex parte Martinez*, 330 S.W.3d at 901, or that any witnesses were available to testify and would have benefited appellant, *see Ex parte Ramirez*, 280 S.W.3d at 853. Accordingly, appellant has not demonstrated that his trial counsel was ineffective.

Appellant's first issue is overruled.

## II.    MOTION TO REPLACE APPOINTED COUNSEL

In his second issue, appellant contends that the trial court abused its discretion by denying appellant's pro se "motion to dismiss court appointed attorney and appoint new counsel to act on behalf of defendant." In his motion, appellant had complained about his trial counsel's failure to assist in getting a bond reduction, failure to get two pending charges dropped, failure to work in appellant's best interest, trying to get appellant to "sign for punishments," and promising "nothing but prison time."

A trial court has no duty to search for counsel who is agreeable to the defendant. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). Once the trial court has appointed an attorney to represent an indigent defendant, the defendant has been accorded the protections provided under the Constitution. *Malcom v. State*, 628 S.W.2d 790, 791 (Tex. Crim. App. [Panel Op.] 1982). "Thereupon, the defendant carries the burden of proving that he is entitled to a change of counsel." *Id.* No Texas case makes clear exactly what a defendant must establish to entitle him to a change of appointed counsel. 42 George E. Dix & John M. Schmolesky, *Texas Practice*

*Series: Criminal Practice and Procedure* § 29:48 (3d ed. 2011). But, personality conflicts and disagreements concerning trial strategy are typically not valid grounds for withdrawal of appointed counsel. *King*, 29 S.W.3d at 566. Appellant cites no authority to demonstrate what grounds are sufficient to show an abuse of discretion in failing to replace appointed counsel.

Assuming without deciding that appellant was not required to preserve this type of alleged error by obtaining a ruling from the trial court, we conclude that the trial court did not abuse its discretion by failing to replace appellant's counsel because appellant failed to prove he was entitled to a change of counsel.[1]

Appellant filed his motion more than a month before pleading guilty. Then, he signed plea papers with the following statement: "I am satisfied that the attorney representing me today in court has properly represented me and I have fully discussed this case with him." At the plea hearing, appellant and the trial court had the following colloquy:

| | |
|---|---|
| Court: | You are represented in your case by Mr. Williams. Have you had enough time to visit with him about your case? |
| Appellant: | Yes, sir. |
| Court: | Has he been able to answer all of your questions? |
| Appellant: | Yes, sir. |
| Court: | Do you have any questions of Mr. Williams, or of me, before we go any further in these proceedings? |

---

[1] Appellant contends that his motion "was not ruled on, so therefore denied." *But see Llamas v. State*, 270 S.W.3d 274, 277 (Tex. App.—Amarillo 2008, no pet.) (no error preserved when the trial court did not rule on the defendant's motion to replace appointed counsel); *Lisai v. State*, No. 05-01-00664-CR, 2003 WL 722729, at *1 (Tex. App.—Dallas Mar. 4, 2003, no pet.) (mem. op., not designated for publication) (same); *Williams v. State*, No. 14-94-00537-CR, 1995 WL 628151, at *2 (Tex. App.—Houston [14th Dist.] Oct. 26, 1995, no pet.) (mem. op., not designated for publication) (no error preserved when the defendant did not present his motion to the trial court or request a hearing, and the defendant appeared for trial and voiced no complaint about his attorney).

Appellant:     No, sir.

Appellant never asked to put on any evidence to show his entitlement to replacement of his court-appointed counsel.

Under these circumstances, we cannot conclude that the trial court abused its discretion by failing to replace appellant's court-appointed counsel. *See King*, 29 S.W.3d at 566 (trial court did not err by denying court-appointed counsel's motion to withdraw when appellant was given the opportunity at a hearing to expand on his reasons for dissatisfaction with counsel and did not do so); *see also Hill v. State*, 686 S.W.2d 184, 187 (Tex. Crim. App. 1985) (no error was presented when the defendant failed to ask for a hearing on his request for replacement counsel; reasoning that "in addition to making the court aware of his dissatisfaction with counsel and stating the grounds for the dissatisfaction, a defendant also bears the responsibility of substantiating his claim").

Appellant's second issue is overruled.

## III.  CONCLUSION

Having overruled both of appellant's issues, we affirm the trial court's judgment.


/s/     Ken Wise
Justice


Panel consists of Justices Donovan, Wise, and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).

7